WILLIAM J. LOWRIE *v.* HENRY P. BALDWIN, JAMES B. CASTLE, WILLIAM R. CASTLE, GEORGE P. CASTLE, S. N. CASTLE ESTATE LTD., AN HAWAIIAN CORPORATION, JOSEPH P. COOKE AND WALLACE M. ALEXANDER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED DECEMBER 7, 1908.        DECIDED DECEMBER 11, 1908.

HARTWELL, C. J., WILDER, J., AND CIRCUIT JUDGE ROBINSON IN PLACE OF BALLOU, J.

COSTS—*attorneys' fees in assumpsit.*

> Defendants' attorneys' fees under Sec. 1892 R. L. are not taxable in an action of assumpsit dismissed for failure to comply with an order to give security for costs.

COSTS—*several defendants.*

> In an action of assumpsit against several defendants separate cost bills are not allowed under the circumstances of this case.

OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiff claimed of the defendants $400,000 damages for breach of contract. It was conceded that two of the counts were assumpsit, the circuit court holding that the third count which the defendants claimed to be tort alleged a cause which arose out of the contract set forth in the other counts. The original complaint included Helen K. Mead, Mary T. Hitchcock, Harriet C. Coleman and Caroline C. Westervelt who were not defendants in the amended complaint. The others, except Alexander who was not served and did not appear, filed separate demurrers to the complaint and to the amended complaint which were identical, except J. B. Castle's which, as stated in the bill of exceptions, differed in several important particulars. While the demurrers were pending the plaintiff on defendant's motion and by his consent was ordered to file a bond for costs in the sum of $15,000 within sixty days and for his failure to

do this the case was dismissed on defendant's motion with costs to be paid by the plaintiff. Thereafter separate bills of costs, filed by all the original defendants but Alexander, were dismissed without prejudice to the right to file one joint bill, to which order they excepted and then filed a joint cost bill for $84.20 which was allowed and judgment entered dismissing the case for failure to file the bond, costs to be paid by the plaintiff taxed as in the joint cost bill. The defendants excepted to that part of the judgment taxing the costs. The cost bills, except Baldwin's and Cooke's, included $9,988.17 as attorneys' fees upon the amount sued for. The cost bills of Baldwin and Cooke included $1664.70 for attorneys' fees being one-sixth of the sum claimed by each of the others. The entire amount thus claimed was $83,234.76.

The plaintiff's contention is (1) that the defendants waived all claim to separate costs as well as attorneys' fees in assumpsit by presenting their joint cost bill of $84.20; (2) that they were not entitled to separate bills of costs and did not become so by separate pleadings by different counsel, and (3) that the statute does not authorize attorneys' fees on a judgment of dismissal such as was made in this case.

The defendants claim that they are entitled to several costs as they had the right to sever and did sever in their defenses, and that the statute requires attorneys' fees in all actions of assumpsit to be paid by the losing party upon the amount sued for if the defendant obtain judgment, also that the plaintiff is not entitled to insist on the waiver which should have been made the basis of a motion to dismiss the bill of exceptions, if the point was well taken, which is denied.

The following is the statute under which these attorneys' fees are claimed:

"In all the courts of this Territory, in all actions of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law to be paid by the losing

party and to be included in the sum for which execution may
issue, ten per cent. on all sums to one hundred dollars, and two
and one-half per cent. in addition on all sums over one hundred
dollars. The above fee shall be assessed on the amount of the
judgment obtained by the plaintiff and upon the amount sued
for, if the defendant obtain judgment." Sec. 1892 R. L.

A plaintiff can discontinue at law at any time before verdict
and is then liable for costs of court. If he fail to comply with
a valid order to give security for costs his action can be dismiss-
ed as in case of his failure to appear for trial.

The cases in which a judgment may be given, although no
issue has arisen, are those which come to premature termination
by the fault of one of the parties in failing to pursue his litiga-
tion; and this may happen either with the intention of aban-
doning the claim or defense or from failing to follow them up
within the periods which the practice of the court in each par-
ticular case prescribes. In such cases the judgment against the
plaintiff is of nolle prosequi, retraxit, or, when a plea in abate-
ment is sustained and if requested by the plaintiff, cassetur
billa. Judgments for the plaintiff by default or on confession
of the defendant are generally that the plaintiff do recover and
are either interlocutory, if damages have to be assessed, or else
are final, a judgment on a verdict for the defendant being that
the plaintiff take nothing. When a case is decided for the plain-
tiff on an issue of law arising on a dilatory plea the judgment
is that the defendant answer over. This judgment, however,
"is of an anomalous kind. Upon all other issues of law and
generally upon all issues in fact the judgment is that the plain-
tiff do recover;" if his action is for damages only and if the issue
be an issue in law or an issue in fact not tried by jury then
the judgment for the plaintiff is only that he ought to recover
his damages which would have to be ascertained by a jury, the
judgment then being interlocutory, but if the issue be in fact
and is tried by a jury then the jury at the same time that they

try it assess the damages and no writ of inquiry is necessary. The judgment then is final in the first instance that the plaintiff do recover the damages assessed. Stephens' Pleading, 106, et seq.

In actions of assumpsit a percentage of the amount of the judgment obtained by the plaintiff for which execution may issue is taxable for his attorneys' fees and the same percentage of the amount sued for is taxable for defendant's fees if the defendant obtain judgment. Does the judgment referred to apply in cases of the plaintiff's action being dismissed? In other words, is the judgment final in the sense of precluding the plaintiff from suing again for the same cause or may it be interlocutory although it does not finally preclude another action?

The statute requires attorneys' fees to be paid by the loser in actions of assumpsit "to be included in the sum for which execution may issue," and to be "assessed on the amount of the judgment obtained by the plaintiff" and "upon the amount sued for if the defendant obtain judgment." If this means a judgment of the same kind in the plaintiff's case as in the defendant's case it would be a final judgment and not a judgment on a dilatory plea or upon overruling a demurrer, when, according to the practice, the defendant is allowed to answer over. Although the plaintiff is a losing party on the issue made by the plea or demurrer he is not the loser intended by the statute provided the judgment obtained by the defendant is to be of the same kind as that obtained by the plaintiff.

We think that the judgments intended by the statute are of the same kind whether for one party or the other.

The defendants are not entitled to several costs which the statute does not appear to contemplate either for joint plaintiffs or joint defendants. It is also not apparent that there were separate defenses. Moreover, the defendants asked for a joint cost bill and had it taxed and included in the judgment. They cannot now be heard to complain of this taxation. How it would

Lowrie v. Baldwin, 19 Haw. 258.

otherwise be in cases of separate defenses it is unnecessary to say.

Exceptions overruled.

*A. G. M. Robertson* for plaintiff.

*R. B. Anderson* (*Kinney, Marx, Prosser & Anderson* on brief); *D. L. Withington* (*Castle & Withington* and *A. L. Castle* on brief) for defendants.