### CHARLES A. LIAPES *v.* JAMES BEAULIEU
### (6691)

SPALLONE, O'CONNELL and FOTI, Js.

Argued March 16—decision released May 9, 1989

*Clifton E. Thompson,* for the appellant (defendant).

*Morton N. Katz,* with whom, on the brief, was *Douglas G. Farber,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the judgment, rendered after a trial to the court, awarding the

plaintiff $4500 in counsel fees. The defendant claims that the trial court erred in basing its award of counsel fees on General Statutes § 42-150aa.[1]

The trial court found the following facts. On or about January 29, 1986, the defendant was indebted to the plaintiff in the amount of $30,000, as evidenced by a promissory note.[2] The note contained provisions for interest, late charges, costs of collection, and reasonable attorney's fees. When the defendant did not make a payment due on January 12, 1987, the plaintiff engaged the services of counsel to collect the debt. On or about January 16, 1987, the plaintiff's attorney notified the defendant in writing that, because of the default, the plaintiff had elected to exercise his option to declare the unpaid principal under the note, together with accrued interest, late charges, costs of collection and attorney's fees due and payable pursuant to the terms of the note.

On May 21, 1987, the plaintiff commenced an action to recover on the note. On June 9, 1987, the defendant paid the plaintiff the principal balance due under the note, together with all accrued interest and costs of collection, but did not pay any attorney's fees. On

---

[1] "[General Statutes] Sec. 42-150aa. ATTORNEY'S FEES LIMITED IN ACTIONS ON CONSUMER CONTRACTS OR LEASES. (a) The holder of any contract or lease entered into on or after October 1, 1979, the subject of which is money, property or services intended to be used primarily for personal, family or household purposes and which contains a provision for payment of attorney's fees of a creditor, seller or lessor, shall not receive, claim or collect any payment for attorney's fees (1) for an attorney who is a salaried employee of such holder or (2) prior to the commencement of a lawsuit.

"(b) If a lawsuit in which money damages are claimed is commenced by an attorney who is not a salaried employee of the holder of a contract or lease subject to the provisions of this section, such holder may receive or collect attorney's fees, if not otherwise prohibited by law, of not more than fifteen per cent of the amount of any judgment which is entered."

[2] The underlying transaction involved the sale of real estate by the plaintiff to the defendant, who signed the subject note and a mortgage deed, but failed to record the deed in the land records.

July 10, 1987, the plaintiff filed a substitute complaint to collect attorney's fees under the note. After a trial to the court, judgment was rendered for the plaintiff awarding him $4500 in counsel fees.

Subsequent to the filing of the appeal, upon the defendant's motion, the trial court filed an articulation that indicated that the award of counsel fees had been based, at least in part, on General Statutes § 42-150aa. The court expressly stated: "Judgment in the amount of $4500 (15 percent of $30,000) (See General Statutes § 42-150aa) entered as the judgment for the plaintiff rendered December 18, 1987."

The facts clearly establish that the parties in the underlying transaction contemplated a mortgage on real estate to secure payment of a loan in an amount exceeding $25,000, and that no consumer contract or lease is involved in this case.[3] It is therefore clear that General Statutes § 42-150aa, which limits the amount recoverable as attorney's fees in actions on consumer contracts or leases, has no application in this case. We realize that the trial court may rely on its own knowledge of what has occurred in the proceedings before it as evidence in support of an award of counsel fees;

---

[3] General Statutes § 42-151 defines the terms consumer and consumer contract:

"(a) Consumer. A 'consumer' is an individual who borrows, leases, buys or obtains money, property or services under a written agreement.

"(b) Consumer contract. A written agreement is a 'consumer contract,' if:

"(1) A consumer enters into the agreement primarily for personal, family or household purposes; and

"(2) The agreement is one in which the consumer: (A) Borrows up to twenty-five thousand dollars or receives up to twenty-five thousand dollars in credit from a person who lends money or extends credit in the ordinary course of business; or (B) agrees to pay up to twenty-five thousand dollars to buy or lease personal property or services from a person who is acting in the ordinary course of business; or (C) leases any residential dwelling."

It is clear that the transaction between these parties does not fall within the meaning of the definition of the term "consumer contract."

*Bizzoco* v. *Chinitz,* 193 Conn. 304, 310, 476 A.2d 572 (1984); and that courts have a general knowledge of what would be reasonable compensation for services which are fairly stated and described. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 680, 443 A.2d 486 (1982); *Piantedosi* v. *Floridia,* 186 Conn. 275, 279, 440 A.2d 977 (1982). Moreover, our review of the transcript reveals that there was evidence presented to the court supporting an award of counsel fees. Because the court expressly alluded, however, to General Statutes § 42-150aa to support its award of counsel fees, we are unable to discern whether the court legitimately assessed counsel fees on the basis of its own knowledge and on the evidence elicited at trial, or whether it erroneously applied § 42-150aa. We note that during oral argument, the plaintiff specifically informed the trial court that he was relying on General Statutes § 42-150aa. Because the court may have partially or entirely relied on the statute in arriving at the amount of the award, we must find error. We agree with the trial court that the plaintiff, pursuant to his agreement with the defendant, was entitled to reasonable attorney's fees, but we find that the amount awarded was arrived at erroneously.

There is error, the judgment is set aside and the case is remanded for a new hearing for the limited purpose of determining the amount of counsel fees due the plaintiff.

In this opinion the other judges concurred.