JERI FRASER *v.* THE ETA ASSOCIATION, INC., ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 8810-2985
                        NEW HAVEN

Memorandum filed January 25, 1990

*Leventhal, Krasow & Roos,* for the plaintiff.

*Robert Solomon,* for the named defendant et al.

*Frances Pellegrino,* for the defendant Zeta Psi Fraternity of North America, Inc.

DEMAYO, J. The defendants retained counsel to represent them in a breach of lease action.[1] After the plaintiff took their depositions but prior to trial, the plaintiff withdrew the action as to these defendants.

The defendants' claim for an award of attorney's fees is based on the express language of the lease that is the subject of this controversy and on General Statutes § 42-150bb.

The pertinent language of the lease provides: "Recovery Of Expenses: In action arising from a dispute between parties or an alleged violation of this Agreement by either party, the prevailing party shall recover within reasonable limits all costs related to court fees, sheriff's and attorney's fees, and other costs related to enforcing this Agreement."

[1] *Fraser* v. *ETA Assn., Inc.,* Superior Court, judicial district of New Haven, Docket No. 8810-2894 (January 25, 1990).

Section 42-150bb provides in pertinent part: "Attorney's fees in action based on consumer contract or lease. Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. . . . The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes."

The plaintiff argues that the defendants are not "prevailing parties" under either the lease or the statute because there was no judgment or other decision resolving the issues in their favor and the withdrawal is neither final nor determinative of the issues. The defendants, on the other hand, point to the result—the defendants are no longer subject to liability and the party attempting to recover from them has decided not to proceed. This indicates, the defendants contend, that the plaintiff has conceded the weakness of her case and the strength of the defendants' position.

There is no reported decision in Connecticut addressing this issue, so the court is obliged to look elsewhere for guidance.

Black's Law Dictionary (5th Ed.) defines prevailing party as: "The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. . . . The party ultimately prevailing when the matter is finally set at rest. . . . May be the party prevailing in interest, and not necessar-

ily the prevailing person. To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it." (Citations omitted.)

Absent statutory provisions that preclude recovery of attorney's fees where the "prevailing party" prevailed by withdrawal or by other voluntary acts of the plaintiff, courts have seen fit to award the fees.

Thus, an Oregon court awarded such fees, concluding that the definition of prevailing party was one "in whose favor final judgment is rendered" and included a defendant in a case very similar to the present matter. The court ruled that the defendant in a case where the plaintiff moved for a voluntary nonsuit was the prevailing party, as the case had terminated in his favor. *Dean Vincent, Inc.* v. *Krishell Laboratories, Inc.*, 271 Or. 356, 358–59, 532 P.2d 237 (1975).

A Florida court reached the same conclusion, finding that defendants in cases that have been voluntarily dismissed are prevailing parties under its statutes. *Hatch* v. *Dance*, 464 So. 2d 713, 714 (Fla. App. 1985).

It is apparent from a reading of these and related cases, that the courts are following a general legislative mandate of rewarding successful litigants while discouraging frivolous suits. The right of the landlord to recover his legal expenses has been extended to tenants and other consumers who prevail in litigation. There are decided benefits to interpreting the statute so that defendants in cases withdrawn by plaintiffs can recover their legal expenses. Not only will this discourage frivolous suits, but it will place the burden where it belongs—on the party with the poorly thought

out complaint or the hastily conceived writ. It will also discourage vexatious litigation and the use of pretrial discovery and depositions to harass defendants.

It is therefore the conclusion of the court that a prevailing party, as used in the lease in question and in § 42-150bb, includes defendants in cases that are withdrawn.

Since the language of the lease does not contain the restrictive clause that concludes the statute (requiring personal, family or household purposes) it is unnecessary for the court to reach that issue. Given the responses of both sides to the court's advisement to counsel, to do so might well require the taking of evidence to determine precisely the defendants' purposes and roles in the leasing process.

The motion for attorney's fees is granted and the defendants are awarded $2325.