[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES
This is a motion for attorneys' fees pursuant to General Statutes § 42-150bb filed by the defendants, Daniel Delgrosso [DelGrosso] and Joanne M. DelGrosso, against the plaintiff, Rizzo Pool Co.
For purposes of the issues being considered here only a limited history of the facts of this case is necessary. A more in-depth recitation of the facts which led to the filing of this action by the plaintiff can be found in Rizzo Pool Co.v. DelGrosso, 232 Conn. 666 (1995).
The plaintiff commenced this action by filing a complaint against the defendants on October 30, 1989. The complaint alleged that the defendants had breached a contract which the parties had entered into in the amount of $38,810.00 for the construction of a pool at the defendants' new home. The defendants asserted several special defenses in their answer to the complaint, including the Home Improvement Act (HIA), General Statutes § 20-418 et seq., and the Home Solicitation Sales Act (HSSA), General Statutes § 42-134a et sec., and also filed a counterclaim. The defendants were prevented by a ruling in limine by the trial court from presenting any evidence on their special defenses asserting either the HIA or CT Page 13763 the HSSA at the trial of the action. The trial resulted in a jury verdict for the plaintiff on the complaint and one count of the counterclaim and a directed verdict in the plaintiff's favor on the remaining two counts of the counterclaim. Judgment was entered on these verdicts and appeals were filed by the parties.
The appeals were heard by the Connecticut Supreme Court, which found that both the HIA and HSSA were applicable to the contract. Id., 680 n. 21. The Supreme Court found further that the contract was unenforceable against the defendants because it did not contain either a starting or ending date as required by the HIA. Id., 680. Based on these findings, the Supreme Court reversed the judgment in favor of the plaintiff with respect to the complaint and remanded the case with orders that judgment be rendered thereon for the defendants. Id., 689. The judgment in favor of the plaintiff on the counterclaim was affirmed. Id.
On August 30, 1995, the defendants filed the present motion for attorneys' fees pursuant to § 42-150bb.
The Supreme Court has ruled specifically in this case that the trial court had erred in prohibiting the defendants from asserting the HIA or HSSA as defenses to the contract because both were applicable and ordered that "[t]he judgment[for the plaintiff] is reversed with respect to the complaintand the case is remanded with direction to render judgmentthereon for the defendants; the judgment [in favor of the plaintiff] is affirmed with respect to the counterclaim." (Emphasis added.) Id., 689.
The first issue presented is whether the defendants may claim attorneys' fees under § 42-150bb for the first time on remand. For purposes of the discussion of the first issue, it will be assumed that this contract is a "consumer contract" within the meaning of § 42-150bb.
The defendants claim that, as part of the entry of judgment in their favor in accordance with the Supreme Court order, they are entitled to an award of attorneys' fees from this court because this is a "consumer contract's within the meaning of § 42-150bb. Section 42-150bb provides, in part:
Attorney's fees in action based on consumerCT Page 13764 contract or lease.
 Whenever any contract or lease entered into after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. . . . The provisions of this section shall apply only to contracts or leases in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes.
The plaintiff essentially asserts that: (1) the defendants failed to preserve the issue of attorneys' fees on appeal and, therefore, they waived any right to claim them; and (2) since the Supreme Court only ordered that the verdict on the complaint be reversed and judgment thereon directed in favor of the defendants without ordering any further proceedings, the case is at rest and there exists no procedural basis for the pending claim by the defendants.
Where an appellate court of this state has remanded a case to a trial court with a specific mandate, the Supreme Court in Halpern v. Board of Education, 231 Conn. 308, 311
(1994), stated that the authority of the trial court is as follows:
 In carrying out a mandate of this court, the trial court is limited to the specific direction of this mandate as interpreted in light of the opinion. . . . This is the guiding principle that the trial court must observe . . . . Compliance means that the direction is not deviated from. The trial court cannot adjudicate rights and duties not within the scope of the remand. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed. The trial court should examine the CT Page 13765 mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein. . .
(Emphasis in original.)
The Supreme Court, however, further stated in Halpern, at page 313:
 We have rejected efforts to construe our remand orders so narrowly as to prohibit a trial court from considering matters relevant to the issues upon which further proceedings are ordered that may not have been envisioned at the time of the remand.
Section 42-150bb unequivocally states that an attorney's fee shall be awarded "as a matter of law" to a consumer who prevails in an action on a contract which falls within its provisions. If the consumer successfully defends an action based on the contract, that is, obtains a favorable judgment, the court must award attorney's fees as a matter of law under § 42-150bb. To "defend" means "[t]o contest and endeavor to defeat a claim or demand made against one in a court of justice." Blacks Law Dictionary (6th ed., 1990). Therefore, under the plain and ordinary meaning of the phrase, by prevailing on appeal, the defendants have successfully defended this action. It follows that they are entitled to an award of attorney's fees as a matter of law under § 42-150bb.
The entry of judgment in favor of the defendants on the complaint pursuant to the order of the Supreme Court is the final step to be taken in this case. There can be no further action on this case other than that which falls precisely within the confines of that order. See Halpern v. Board ofEducation, supra, 231 Conn. 311. This court will not interpret the Supreme Court's remand order so strictly as to prohibit consideration of this patently relevant issue simply because it was not foremost in the defendants' mind at the time of appeal. Id., 313. In accordance with the plain language of § 42-150bb, the consumer's right to an award of attorney's fees accrues with entry of a favorable judgment. Therefore, an award of attorney's fees under § 42-150bb is within the scope of the remand of this matter by the Supreme Court. Id. It follows that the defendants are not barred from claiming attorney's fees under § 42-150bb for the first time on CT Page 13766 remand. Further, since this court has determined that the defendants' claim for attorneys' fees falls within the scope of the Supreme Court's remand order, the plaintiff's argument that the defendants waived their right to claim attorneys' fees by failing to request the Supreme Court to enlarge or modify its order must also fail.
The plaintiff also argues that the defendants waived their right to claim attorneys' fees by not raising this issue initially on appeal. "[A]ppellate jurisdiction is limited tofinal judgments of the trial court." (Emphasis added.)Waterbury Teachers Assn. v. Freedom of Information Commission,230 Conn. 441, 447 (1994). Since the defendants were prohibited from presenting any evidence at all as to their special defenses of the HIA and HSSA at trial, the statutes upon which they now rely to bring them within § 42-150bb, they never had the opportunity to raise the issue of their right to attorneys' fees. The defendants had no right to attorneys' fees under § 42-150bb until they had obtained a judgment in their favor. It follows that the defendants did not waive their right to claim attorneys' fees, because the first time they were in a position to raise this issue was not until after the Supreme Court ordered the directed verdict in their favor. Cf. Daley v. Hartford, 215 Conn. 14, 30, cert. denied,498 U.S. 982, 111 S.Ct. 513, 112 L.Ed.2d 525 (1990). Accordingly, the court finds that the defendants are not prohibited from claiming attorneys' fees under § 42-150bb for the first time on remand.
The second issue presented is whether § 42-150bb is applicable to the contract involved in this case.
Section § 42-150bb is titled "Attorney's fees in actions based on consumer contract or lease" and states, in pertinent part, that "[t]he provisions of this section shall apply only to contracts . . . in which money, property or service which is the subject of the transaction is primarily for personal, family, or household purposes."
The plaintiff initially asserts that the trial court, by allowing the plaintiff to recover an attorneys' fee award greater than fifteen percent of the total judgment awarded to the plaintiff at trial, has already decided the issue of whether this contract is a "consumer contract" and the defendants may not relitigate this issue now. The plaintiff's CT Page 13767 contention is based on the fact that, while General Statutes § 42-150aa limits an award of attorney's fees to a commercial party to a "consumer contract" to fifteen percent of any judgment entered, $15,480.00, or fifty-nine percent of the $26,292.80 awarded to the plaintiff at trial was for attorneys' fees. Rizzo Pool v. DelGrosso, supra, 232 Conn. 675. However, since it is the Supreme Court's reversal of the trial court's ruling that the HIA and HSSA were not applicable to this contract upon which the defendants rely to bring them within the scope of § 42-150bb, the plaintiff's argument is misplaced.
The plaintiff further argues that the definition of "consumer contract" applicable to § 42-150bb is found in General Statutes § 41-151, which states, in pertinent part:
 Definitions. The following definitions shall apply in this chapter: . . .
 (b) Consumer Contract. A written agreement is a "consumer contract" if:
 (1) A consumer enters into the agreement primarily for personal, family or household purposes; and
 (2) The agreement is one in which the consumer:
 . . . (B) agrees to pay up to twenty-five thousand dollars to buy or lease personal property or services . . .
The plaintiff claims that, since the contract in the present case was for $37,810.00, it is not a "consumer contract" within the meaning of § 42-151 and, therefore, it does not fall within the provisions § 42-150bb. For this proposition the plaintiff relies on Liapes v. Beaulieu,18 Conn. App. 329, 331 (1989), which held that a mortgage contract for over $25,000.00 was not a "consumer contract" within the meaning of § 42-150aa. The plaintiff's reliance on Liapes is misplaced. Firstly, the decision in Liapes was based on § 42-150aa, which, although a related statute, is not at issue here. Secondly, this case concerns a contract which falls under the HIA and the HSSA, and which is not a mortgage.[1]
CT Page 13768
The defendants argue that this contract is covered by the provisions of § 42-150bb. For this proposition, the defendants rely on the similarity of the definitions of the contracts covered by the HSSA and § 42-150bb. Section 42-134a of the HSSA states in pertinent part:
Definitions. As used in this chapter:
 (a) "Home solicitation sale" means a sale, lease, or rental of consumer goods or services. . .
 (b) "Consumer goods or services" means goods or services purchased, leased, or rented primarily for personal, family, or household purposes, including courses of instruction or training regardless of the purpose for which they are taken.
"In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature. [W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Citations omitted, internal quotation marks omitted.) Vaillancourt v. NewBritain Machine/Litton, 224 Conn. 382, 390 (1993). "The intent of the legislature . . . is to be found not in what the legislature meant to say, but in the meaning of what it did say. It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is a function of the legislature. It is also a tenet of statutory construction that the legislature is presumed to be aware of existing statutes." (Citations omitted, internal quotation marks omitted.) LeoFedus Sons Construction Co. v. Zoning Board of Appeals,225 Conn. 432, 441-42 (1993). "[T]he legislature is presumed to have intended a just and rational result." Vaillancourt v. NewBritain Machine/Litton, supra, 224 Conn. 391.
Section 42-150bb provides its own clear definition of what types of contracts it applies to, that is, "contracts . . . in which the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes", and it contains no word evincing an intent to place a monetary limit on its applicability. Further, the language of § 41-151 does not purport to provide a global definition of "consumer contracts." The first sentence of § 41-151 expressly CT Page 13769 states that the definitions provided "shall apply in this chapter." Also, the "[t]itles [of statutes] are of little importance as compared with the text to indicate legislative intent." Pollack v. Gampel, 163 Conn. 462, 472 (1972). Accordingly, the fact that the words "consumer contract" appear in the title of § 42-150bb and also in the text of § 41-151 is insignificant when compared to the fact that § 42-150bb provides its own clear definition as to the types of contracts that fall within its provisions.
There is no reason to look beyond § 42-150bb to define its scope, since this can be clearly ascertained from the text of the statute. See Vaillancourt v. New Britain Machine/Litton,
supra, 224 Conn. 390. It follows that the definition of "consumer contract" provided in § 41-151 cannot be used to limit the application of § 42-150bb only to contracts that are $25,000.00 or less and the plaintiff's argument must fail.
On the other hand, although § 42-134a of the HSSA and § 42-150bb, appear in different chapters of the General Statutes and were enacted three years apart, they use identical language to describe the types of contracts to which each act applies, contracts the subject of which is primarily for personal, household, or family purposes. There is no indication in either statute that these phrases are used in any other way than their plain ordinary meaning. Interpreting these phrases according to their plain and ordinary meanings, especially when both are used in statutes designed to protect consumers, leads to the conclusion that they were intended to mean essentially the same thing. Therefore, since the contract in the present case is subject to the provisions of the HSSA, it is a "consumer contract" within the meaning of § 42-150bb and the defendants are entitled to an award of attorney's fees "as a matter of law."
The contract contained a provision that entitled the plaintiff to collect "reasonable attorney's fees." Rizzo Poolv. DelGrosso, supra, 232 Conn. 669. Section 42-150bb provides that "the size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party." Therefore, the defendants are entitled to collect "reasonable attorneys' fees" for their successful defense of this action.
Based on the foregoing, the defendant's motion for CT Page 13770 attorneys' fees pursuant to General Statutes § 42-150bb is granted. The amount of such fees shall be determined by the court upon an evidentiary hearing to be held on December 19, 1995, at 2 p.m.
Hendel, J.