## THE BANK OF NEW YORK, AS TRUSTEE (BS ALT A 2005-9) *v.* SONJA V. BELL ET AL.

Superior Court, Judicial District of Hartford
File No. CV-07-5013037-S

Memorandum filed May 2, 2011

*Proceedings*

*Geoffrey K. Milne, James T. Shearin* and *Steven J. Stafstrom, Jr.,* for the plaintiff.

*J. Hanson Guest,* for the named defendant.

HON. ROBERT SATTER, JUDGE TRIAL REFEREE. The defendant Sonja V. Bell moves, pursuant to General Statutes § 42-150bb,[1] for an award of legal fees against

---

[1] General Statutes § 42-150bb, titled, "Attorney's fees in action based on consumer contract or lease," provides in relevant part: "Whenever any contract or lease entered into on or after October 1, 1979, to which a consumer is a party, provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded as a matter of law to the consumer who successfully prosecutes or defends an action or a counterclaim based upon the contract or lease. . . . For the purposes of this section, 'commercial party' means the seller, creditor, lessor or assignee of any of them, and 'consumer' means the buyer, debtor, lessee or personal representative of any of them. The provisions of this section shall apply only to contracts or leases in which the money, property or service which

the plaintiff, The Bank of New York, as trustee of BS ALT A 2005-9, which has withdrawn this foreclosure action.

The facts are that the plaintiff initiated a foreclosure action on a mortgage upon the home of the defendant in September, 2007, alleging that it held the mortgage and note by virtue of a transfer of the corporate trust assets of JP Morgan Chase Bank to the plaintiff, The Bank of New York. The note was not endorsed to the plaintiff. The plaintiff obtained a summary judgment against the defendant on liability only and a judgment of foreclosure. Before the law day, the defendant filed a motion to dismiss, claiming that the plaintiff lacked standing. The court set down the motion for an evidentiary hearing. The next three years were consumed with discovery in the course of which this court held the plaintiff in contempt three times for its failure to comply with discovery requests.[2] The defendant has put up a vigorous fight, attacking the plaintiff's standing. She has questioned the sufficiency and time of execution of many of the documents upon which the plaintiff relies to establish standing.

By January, 2010, the plaintiff recognized that the motion to dismiss might be litigated for months more and might also implicate the merits of the case, so a ruling for the defendant could determine the entire outcome of the action. On January 8 and January 15, 2010, the plaintiff applied to withdraw the case automatically, pursuant to General Statutes § 52-80.[3] The defendant objected to the plaintiff's withdrawal. The court

is the subject of the transaction is primarily for personal, family or household purposes."

[2] One of those contempt rulings is subject to the plaintiff's motion to reargue.

[3] General Statutes § 52-80, titled, "Nonsuits and withdrawals; costs," provides in relevant part: "The plaintiff may withdraw any action . . . before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action . . . only by leave of court for cause shown."

expressed in open court several times that since a judgment had been entered against the defendant, it constituted a hearing on issues of fact and, as the result, a hearing had to be held on whether there was cause for the withdrawal.

Shortly afterward, the plaintiff moved to remove this action to the federal District Court. This court was stayed to act as a consequence of the motion for removal. In March, 2010, the federal District Court denied the plaintiff's removal motion. Then the plaintiff sought to transfer the case to the complex litigation docket. That motion was denied in the late summer of 2010. All this time, litigation on discovery continued.

The court set a date to hear all pending motions on October 4, 2010. The parties indicated they needed more time for discovery, and the court reset the date for hearing all motions to December 4, 2010. The first motion heard was the plaintiff's application to withdraw.

The court noted the protracted litigation over the defendant's motion to dismiss and concluded it would drag on for several months more without a determination of the merits of the case. And further, the plaintiff could bring a second foreclosure action based on JP Morgan Chase's endorsing the note to the plaintiff and so avoid the massive transaction between JP Morgan Chase and the plaintiff. Consequently, it found cause for withdrawal based upon judicial economy.

After that decision was rendered, the defendant moved for counsel fees based on § 42-150bb.

At the outset, it is appropriate to recognize the purpose of the statute. When the bill was debated on the floor of the Senate, Senator Salvatore C. DePiano stated: "This bill would require that in a specified situation

attorney's fees be awarded to a consumer who success-fully brings or defends an action based upon a contract or lease whenever such contract or lease provides for the attorney's fees of a commercial party . . . ." 22 S. Proc., Pt. 13, 1979 Sess., p. 4275.

State Representative Richard D. Tulisano stated on the floor of the House of Representatives that the stat-ute was now "self-enforcing" in that contractual attor-ney's fee provisions would be reciprocal. 22 H.R. Proc., Pt. 22, 1979 Sess., p. 7487. He stated: "[T]he legislation before us today provides [for] the first time the ability for consumers in this state to obtain attorney's fees, [in a] reasonable amount, as a result of defending or prosecuting any action in which the commercial party has provided for attorney's fees for their own behalf. What this does is give some equity to the situation. At the present time, many form contracts include attor-ney's fees provisions for the commercial party, and even though . . . that party may be wrong and a consumer successfully defends an action against him, or her, they would not be entitled to receive attorney's fees in defending that action. This will put some equity in the situation to the same extent that any commercial party will receive." Id., p. 7489.

Turning to the language of the statute, it is clear that the defendant is a debtor and so consumer, that the plaintiff is a creditor and so commercial party, and that the mortgage which the plaintiff attempts to foreclose upon is a contract. The mortgage note, at paragraph 7 (E), provides that the noteholder has the right to be paid back all its costs and expenses in enforcing this note, including "reasonable attorney's fees." The sub-ject mortgage, at paragraph 14, provides that the lender may charge the borrower fees for services performed in protecting the lender's interest in the property rights under the mortgage, "including, but not limited, to attor-ney's fees . . . ."

The remaining issues under the statute are: (1) is the note and mortgage a contract "in which the money, property or service which is the subject of the transaction . . . primarily for personal, family or household purposes"; General Statutes § 42-150bb; and (2) has the defendant successfully defended the action based on the mortgage.

Our courts have recognized that the issue of whether the contract falls within the purview of the statute must be resolved first. *Tyler E. Lyman, Inc.* v. *Lodrini*, 78 Conn. App. 582, 589, 828 A.2d 676 (2003).

Numerous cases have held that a mortgage on property of the homeowner is "for personal, family or household purposes." General Statutes § 42-150bb. As the court stated in *Burleigh* v. *Norwood Federal Savings & Loan Assn.*, 669 F. Sup. 48, 50 (D. Conn. 1987), "The mortgage documents are within the statute and their inclusion is dictated by the purpose of the statute." Likewise, in *Retained Realty, Inc.* v. *McCabe*, 376 Fed. Appx. 52, 57–58 (2d Cir. 2010), the court said, "Plaintiff contests the district court's finding that the mortgage at issue in this litigation was primarily for personal, family, or household purposes. . . . We therefore hold that the district court did not commit clear error in finding that the property served a personal, family or household purpose." (Citations omitted.)

Likewise, in *State Street Bank & Trust Co.* v. *Knight*, Superior Court, judicial district of Tolland, Docket No. CV-03-0080718 (August 26, 2003) (*Scholl, J.*) (35 Conn. L. Rptr. 330), a case completely on all fours with this case, the court held that where a defendant successfully defended a mortgage foreclosure action, the defendant was entitled to attorney's fees pursuant to § 42-150bb.

The plaintiff argues that because § 42-150bb does not define what "primarily for personal, family or household purposes" means, we should look to how the court

has construed General Statutes § 42-150aa containing similar language. The plaintiff cites to *Liapes* v. *Beaulieu*, 18 Conn. App. 329, 557 A.2d 934 (1989), in which the plaintiff creditor sued on a promissory note in the amount of $30,000. Following the sale of real estate by the plaintiff to the defendant, the defendant signed the note and the mortgage deed, but the plaintiff failed to record the deed in the land records. The defendant paid the plaintiff the principal balance, interest and costs but did not pay attorney's fees. The plaintiff filed a substituted complaint for attorney's fees. The trial court awarded $4500 (15 percent of $30,000). On articulation, the court said that the award was based upon § 42-150aa, which provides in subsection (b) that the creditor's attorney's fees should not be more than 15 percent. In construing that section, the Appellate Court referred to General Statutes § 42-151 for the definition of a consumer contract. That statute defines a consumer contract as one in which the consumer borrows up to $25,000 or agrees to pay up to $25,000 to buy or lease personal property. The court held that since the parties in the underlying transaction contemplated a mortgage on real property to secure payment of a loan in an amount exceeding $25,000, "no consumer contract or lease is involved in this case" and that § 42-150aa did not apply. Id., 331. The court did not consider whether the mortgage was on the home of the defendant and so never reached the issue of whether the transaction was "primarily for personal, family or household purposes."

In *Rizzo Pool Co.* v. *Del Grosso*, 240 Conn. 58, 689 A.2d 1097 (1997), the Supreme Court, if not expressly, implicitly overruled *Liapes* as to where courts look for a definition of a consumer contract under § 42-150bb. The Supreme Court clearly held that when § 42-150bb is invoked, the court looks to a definition of consumer contract in that section in chapter 741d of the General

Statutes and does not look to a definition at § 42-151 in chapter 742. The court said: "Section 42-150bb provides it own definition of the type of contract for which attorney's fees may be recovered. It contains no reference to the following chapter and no suggestion that § 42-151 should apply. As indicated, the first sentence of § 42-151 expressly provides that the definitions provided '*shall apply in this chapter*,' and does not purport to provide a global definition of 'consumer contracts.' . . . We find no reason under the facts and circumstances of this case to look beyond § 42-150bb to define its scope or limit its application." (Emphasis altered.) Id., 72.

The plaintiff looks to *Oliphant* v. *Simboski*, United States District Court, Docket No. 3:03cv2038 (SRU), 2005 U.S. Dist. LEXIS 5053 (D. Conn. March 31, 2005), for authority that Connecticut's courts have held that § 42-150aa is not applicable when the transaction involves a mortgage on real estate in excess of $25,000, which cites *Liapes*. But *Liapes* relied on § 42-151 to define a consumer contract and, as indicated above, the Supreme Court in *Rizzo Pool Co.* specifically held that in determining what constituted a consumer contract under § 42-150bb, the language of that statute alone should be considered.

It may further be pointed out that § 42-150bb is silent as to whether property subject to the consumer contract is real or personal. This court will not rewrite the statute to incorporate a restriction not expressed. Moreover, the plain meaning of a contract "primarily for personal, family or household purposes" clearly includes a mortgage on the mortgagor's home.

Thus, this court concludes that the mortgage the plaintiff sought to foreclose was a contract for the purposes stated in § 42-150bb.

The next issue is whether or not the defendant successfully defended the plaintiff's foreclosure action—specifically, whether the plaintiff's withdrawal of that action constituted success within the meaning of § 42-150bb.

Numerous cases have held that it does. In *State Street Bank & Trust Co.* v. *Knight*, supra, 35 Conn. L. Rptr. 331, the facts of which are almost identical to this case, the court held: "Since the [d]efendant, Beth L. Knight, has successfully defended this matter which resulted in its withdrawal as to her . . . she is entitled to an award of attorneys fees." (Citation omitted.)

In *Fraser* v. *ETA Assn., Inc.*, 41 Conn. Sup. 417, 418–19, 580 A.2d 94 (1990), in which a plaintiff tenant withdrew his action of breach of lease against a landlord, the court held that the landlord was entitled to attorney's fees under § 42-150bb. The court ruled: "It is therefore the conclusion of the court that a prevailing party, as used in the lease in question and in § 42-150bb, includes defendants in cases that are withdrawn." Id., 420. The court went on to say that there were benefits in interpreting the statute so that defendants in cases withdrawn by plaintiffs can recover their legal expenses: "Not only will this discourage frivolous suits, but it will place the burden where it belongs—on the party with the poorly thought out complaint or hastily conceived writ. It will also discourage vexatious litigation and the use of pretrial discovery and depositions to harass defendants." Id., 419–20; see also *Figueroa* v. *FAH Redstone Ltd. Partnership*, Superior Court, judicial district of New Britain, Housing Session, Docket No. CV-0702-2096 (November 29, 2007) (*Peck, J.*) (44 Conn. L. Rptr. 639).

The plaintiff argues that the defendant did not achieve success because she remains obligated under the mortgage note. The plaintiff cites for support of its contention *Ameriquest Mortgage Co.* v. *Sievers*, Superior

Court, judicial district of New London, Docket No. CV-05-4002637 (January 5, 2010) (*Hon. Robert C. Leuba*, judge trial referee) (49 Conn. L. Rptr. 140), in which the court held that the defendant did not successfully defend the foreclosure because a withdrawal did not defeat the underlying obligation. However, § 42-150bb does not require the defendant to defeat the underlying obligation but simply to defeat the plaintiff's action brought against him. In this case, the withdrawal of the action constituted a successful defense. As our courts have noted, a withdrawal of an action is equivalent to rendition of a final judgment, and it "effectively erase[s] the court slate clean as though the action had never been commenced . . . ." *H. G. Bass Associates, Inc.* v. *Ethan Allen, Inc.*, 26 Conn. App. 426, 431, 601 A.2d 1040 (1992).

The plaintiff further argues that even if the defendant had successfully defended this action, she has not done so based upon the note or mortgage, which contains the fee provision. Instead, the defendant challenged the plaintiff's standing by challenging the sufficiency of certain documents through which the plaintiff acquired the corporate trust business of JP Morgan Chase. This argument has no merit. The plaintiff brought a foreclosure action. The plaintiff withdrew the action. The withdrawal of the action constituted the defendant's successful defense, regardless of the basis of the defendant's grounds for challenging the plaintiff's standing.

The plaintiff argues that the defendant's claim for attorney's fees is a component of damages by the defendant in her counterclaim, and, therefore, the motion must be denied. There is no merit to this contention. The defendant's entitlement to counsel fees in this foreclosure action is entirely separate and apart from her claim for legal fees in her counterclaims for fraud and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.

The plaintiff further argues that the defendant has waived her right to counsel fees by not consenting to the plaintiff's initial offer to withdraw in January, 2010. However, the plaintiff's initial offer to withdraw was claimed to be automatic and as of right. The defendant legitimately interposed an objection to that withdrawal. The court found that the withdrawal could only be by cause. The delay between the time the plaintiff originally attempted to withdraw the case and the court finally acting on the motion was in large part due to the plaintiff's seeking to remove the case to the federal court and then seeking to transfer it to the complex litigation docket. When this court set down the motion to withdraw, the parties asked for additional time. Finally, argument was held in December, 2010, and the court rendered its decision in January, 2011. A lot of the time between when the plaintiff made its initial application to withdraw and the court finally rendered its decision was due to the plaintiff's own dilatory tactics.

The plaintiff's argument that the defendant has failed to produce any evidence to support an award of attorney's fees is simply not meritorious. An evidentiary hearing will have to be held on what are reasonable attorney's fees for the defendant.

If ever there was an action in which a defendant was entitled to counsel fees under § 42-150bb, this is that action. The plaintiff brought this mammoth foreclosure suit based upon a very complex transaction between JP Morgan Chase and The Bank of New York. The defendant refused to lay down and let the plaintiff roll over her. Her motion to dismiss raised the fundamental question of the plaintiff's right to bring an action. She attacked the documents upon which the plaintiff based its case. The court surmises that the plaintiff realized that if the court determined that the motion to dismiss raised issues that went to the merits of the case, it could

lose the right to foreclose on the mortgage entirely. It beat a hasty retreat.

For the four years of litigation and the skillful legal way the defendant has defended this case, she is entitled to legal fees under § 42-150bb. The court will hear the parties promptly on the amount of those legal fees.