## G. W. AHOY *v.* M. F. SCOTT.

APPEAL FROM CIRCUIT JUDGE, THIRD CIRCUIT.

SUBMITTED JANUARY 5, 1900.            DECIDED MAY 2, 1900.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE STANLEY IN PLACE
OF JUDD, C.J., ABSENT.

Attorney's fees under Civ. Laws, Sec. 1491, are not allowed upon the
quashing of the summons or service.

OPINION OF THE COURT BY FREAR, J.

The plaintiff brought assumpsit for $46.65 in the District
Court of South Kona.  The defendant filed what he called a
plea in abatement but which must be considered as in the nature
of a motion to set aside or quash the summons or service or
both, on the ground that service was made before summons was
issued, as appeared on the face of the record, the summons being
dated December 8, 1898, and the return, December 6, 1898.
The District Magistrate sustained the plea or motion and, as
he expressed it, threw the action out of court, but declined to
allow defendant's attorney's fees.  Defendant appealed to the
Circuit Judge on the question of attorney's fees only, and the
Circuit Judge allowed them.  Plaintiff now appeals to this
court.

Apparently a mistake was made in entering one of the dates
in question and, if so, the magistrate should have allowed it to
be corrected by way of amendment. But the only question be-
fore us is whether he should have allowed attorney's fees, as-
suming that he properly quashed the summons or service.  He
apparently acted on the theory that no action had been com-
menced, either because the summons that was issued was not
served or because what was served was not a summons.  The

fees in question are not those for attendance, &c., (allowed in the Circuit and Supreme courts,) but commissions upon the amount sued for. These are assessed (Civ. L. Sec. 1491) "in all actions of assumpsit    *    *    *    on the amount of the judgment obtained by the plaintiff and upon the amount sued for, if the defendant obtain judgment." In the present case it was assumed that, strictly speaking, there was no action. In our opinion, the defendant did not obtain judgment in. the action within the meaning of the statute. Judgment was not rendered in the action. Summons or service was quashed on motion.

We do not mean that the foregoing shall be taken as an expression of opinion upon the general question whether costs may be awarded in a case of which the court is without jurisdiction. Many courts hold that if there is no jurisdiction there can be no judgment whatever, even for costs. This has been called the logical view. Many other courts hold that the defendant should not be made to suffer by being forced into a court which is without jurisdiction and that the plaintiff should be held estopped to deny jurisdiction so far as costs are concerned. This has been called the just and reasonable view. Yet in Maine, where the latter view prevails, costs are not allowed where the writ is quashed. *Tibbetts v. Shaw,* 19 Me. 204. And, on the other hand, in the Supreme Court of the United States, in which the former view is held, the costs of the motion to quash or dismiss may be allowed, for the court has jurisdiction of that, though not of the action itself. *Bradstreet v. Higgins,* 112 U. S. 262.

The decision of the Circuit Judge is reversed.

*J. W. Cathcart* for plaintiff.

*L. Andrews* for defendant.