WILLIAM GORO YOSHIDA AND LILLIAN KIM YO-SHIDA *v.* JOSEPH F. NOBREGA, AS ADMINIS-TRATOR OF THE ESTATE OF JOHN F. NO-BREGA, DECEASED.

NO. 2791.

ARGUED JANUARY 10, 1952.          DECIDED FEBRUARY 13, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

Plaintiff in error filed suit in assumpsit against the defendant. Defendant's demurrer was sustained by the court without leave to amend. A judgment containing a bill of costs was filed by defendant *ex parte*. In the bill of costs contained in the judgment was the item of attorneys' fees in assumpsit as authorized by section 9754, Revised Laws of Hawaii 1945.

There was no notice served upon the plaintiff either on the bill of costs or the form of judgment as required by the rules of the circuit court. While we cannot too strongly condemn such practice, particularly in the taxation of money sums against a party, such error is harmless as plaintiff was heard on his motion to set aside the judgment.

Section 9754, Revised Laws of Hawaii 1945, provides that "* * * in all actions of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, ten per centum on all sums to one hundred dollars, and two and one-half per centum in addition on all sums over one hundred dollars, to be computed on the excess over one hundred dollars. The above fees shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtain judgment; * * *"

The contention is made by counsel for plaintiff in error that the defendant has not obtained "judgment" as required and is not entitled to any attorneys' fees. Obviously, the defendant did obtain a "judgment" although it was a judgment upon demurrer just as the order entered may be termed a "judgment" on a nonsuit. If this were a case of first instance it might well be argued that where a case is dismissed and finally disposed of so far as that particular action is concerned, the defendant has obtained judgment. However, under the construction given to this statute for

some forty years, defendant may tax as fees only in case of a judgment upon the merits.

In the case of *Lowrie* v. *Baldwin, et al.,* 19 Haw. 258, decided in 1908, the court says: "* * * Does the judgment referred to apply in cases of the plaintiff's action being dismissed? In other words, *is the judgment final in the sense of precluding the plaintiff from suing again for the same cause* or may it be interlocutory although it does not finally preclude another action?

"The statute requires attorneys' fees to be paid by the loser in actions of assumpsit 'to be included in the sum for which execution may issue,' and to be 'assessed on the amount of the judgment obtained by the plaintiff' and 'upon the amount sued for if defendant obtain judgment.' If this means a judgment of the same kind in the plaintiff's case as in the defendant's case it would be a final judgment and not a judgment on a dilatory plea or *upon overruling a demurrer,* when, according to the practice, the defendant is allowed to answer over. Although the plaintiff is a losing party on the issue made by the plea or demurrer he is not the loser intended by the statute provided the judgment obtained by the defendant is to be of the same kind as that obtained by the plaintiff.

"We think that the judgments intended by the statute are of the same kind whether for one party or the other." (Emphasis added.)

In *Scott* v. *Kona Development Co.,* 21 Haw. 408, 422, the court after quoting from the *Lowrie* case, *supra,* says: "* * * In the case at bar, likewise, attorneys' commissions are not taxable. While the plaintiffs are the losing parties, they are not the losers intended by the statute. This particular action is, indeed, determined by the judgment, but that judgment is not *upon the merits or final in form.* The defendant has not 'obtained *judgment*' within the meaning

of section 1892, although it has obtained a *judgment."* (Emphasis added.)

Our previous decision in the case of *Yoshida* v. *Nobrega, Administrator* (*infra,* p. 235, No. 2792, decided February 6, 1952), sets forth that this is not a final judgment on the merits so as to constitute *res judicata.* While the judgment disposes of the particular suit, it does not determine the rights of the parties on the merits nor prevent the institution of a new suit involving the same claim.

It might logically be held that the words "judgment for defendant" mean literally what they say and would cover judgment on demurrer, nonsuit and any other order finally disposing of the particular suit, yet the interpretation given by our courts has been acquiesced in by the legislature for more than forty years. The re-enactment of a statute after interpretation by the courts is regarded as an adoption by the legislature of the court's interpretation. (*Carroll Electric Co.* v. *Snelling,* 62 F. [2d] 413, and cases cited in 2 Sutherland, *Statutory Construction,* 3d ed., § 5109, n. 1.)

Judgment is reversed and the case remanded.

*F. Schnack* (*H. C. Schnack* with him on the briefs) for plaintiffs-appellants.

*A. K. Trask* (also on the briefs) for defendant-appellee.