31 P.3d 184

Leslie BLAIR and Laurie Bishop, Co–Trustees of the 1988 Hughes Family Trust, as Amended, Plaintiffs–Appellants,

v.

LAWRENCE N.C. ING, Defendant/Cross–Claim Defendant–Appellee,

and

Thomas Thayer, Defendant/Cross–Claimant–Appellee,

and

John Does 1–10, Jane Does 1–10, Doe Corporations 1–10, Doe Partnerships 1–10, Doe Non–Profit Organizations 1–10, and Doe Governmental Agencies 1–10, Defendants.

No. 22401.

Supreme Court of Hawai'i.

Sept. 10, 2001.

Shelton G.W. Jim On and Henry F. Beerman (of Jim On & Beerman), Honolulu, for defendant/cross-claimant appellee Thomas Thayer, on the request.

Arthur B. Reinwald and George W. Playdon, Jr. (of Reinwald, O'Connor & Playdon LLP), Honolulu; Bruce S. Ross, pro hac vice (of Ross, Sacks & Glazier, LLP, Los Angeles, CA); and Paul J. Barulich, pro hac vice (Redwood Shores, CA), for plaintiffs-appellants, in opposition.

MOON, C.J., LEVINSON, NAKAYAMA, and RAMIL, JJ. And Intermediate Court of Appeals Chief Judge BURNS, In Place of ACOBA, J., Recused.

Opinion of the court by MOON, C.J.

In this case, plaintiffs-appellants Leslie Blair and Laura Bishop (Plaintiffs) sued defendant/cross-claimant appellee Thomas Thayer for professional negligence and breach of implied contract. Plaintiffs claimed that Thayer, an accountant, had breached a duty to them as intended third-party beneficiaries to an agreement between their mother, Joan Hughes, and Thayer for the preparation of the estate tax return for decedent Lloyd Hughes. After the trial court granted Thayer's motion to dismiss the complaint, Plaintiffs appealed. On February 27, 2001, this court upheld the dismissal in favor of Thayer because: (1) Thayer was alleged to have been hired to prepare tax returns—not to give estate planning advice—and, thus, Plaintiffs were merely incidental beneficiaries; and (2) as merely incidental beneficiaries, Thayer owed Plaintiffs no duty. *Blair v. Ing,* 95 Hawai'i 247, 21 P.3d 452, *reconsideration denied,* 95 Hawai'i 247, 21 P.3d 452 (2001). The Notice and Judgment on Appeal was filed on April 25, 2001.

On May 3, 2001, Thayer timely filed a request for compensation for necessary expenses and attorneys' fees pursuant to Hawai'i Revised Statutes (HRS) §§ 607–14 (Supp.2000) and 607–9 (1993),[1] and Hawai'i Rules of Appellate Procedure (HRAP) Rules 39(d) (2000) and 53(b) (2000). In his motion, Thayer requests reimbursement of attorneys' fees in the amount of $21,570.00, general excise tax in the amount of $898.82, and costs in the amount of $756.92, for a total request of $23,225.74.

On May 14, 2001, Plaintiffs filed an opposition to the request for fees, arguing essentially that: (1) Thayer's application for fees under HRS § 607–14 is inconsistent with his position on appeal that there was no relationship, contractual or otherwise, between Plaintiffs and Thayer; (2) the judgment was not on the merits; and, (3) even if Thayer is entitled to fees, the award of fees must be based only on the portion of fees incurred from defending against Plaintiffs' third party beneficiary claim. Plaintiffs also opposed Thayer's request for: (1) fees on the ground that paralegal and secretarial costs are not "attorneys' fees" and are, thus, not compensable; and (2) costs on the ground that HRAP Rule 39 does not allow recovery of costs associated with postage, long distance telephone charges, and facsimiles.

For the reasons that follow, we grant in part and deny in part Thayer's request for compensation.

## I. *DISCUSSION*

### A. *Entitlement to Fees*

■ "Ordinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."

---

1. HRS §§ 607–14 and 607–9 are quoted in relevant part *infra*.

2. Thayer argues that, because this court, on appeal, determined that Thayer was entitled to summary judgment, this case was decided on the merits. This court treated Thayer's motion to dismiss as a motion for summary judgment because it was uncertain whether matters presented outside the pleadings were considered by the circuit court. *Blair*, 95 Hawai'i at 267 n. 18, 21 P.3d at 472 n. 18. Ultimately, this court held that Thayer was entitled to summary judgment and,

*Shanghai Inv. Co. v. Alteka Co., Ltd.,* 92 Hawai'i 482, 501, 993 P.2d 516, 535 (2000) (citations omitted). Thayer seeks fees pursuant to HRS § 607–14, which provides that reasonable fees, as determined by the court, shall be taxed against the losing party "in all actions in the nature of assumpsit." HRS § 607–14 authorizes this court to award attorneys' fees to the prevailing party on appeal as well. *See Leslie v. Estate of Tavares,* 93 Hawai'i 1, 4–5, 994 P.2d 1047, 1050–51 (2000).

### 1. The "losing" party

■ Plaintiffs argue that Thayer is not entitled to fees as the prevailing party because Plaintiffs' claim against Thayer was dismissed, and, thus, there was no judgment on the merits. In support of their contention, Plaintiffs cite, *inter alia, Yoshida v. Nobrega,* 39 Haw. 254 (1952), for the proposition that attorneys' fees are taxable in an action in the nature of assumpsit *only* where a judgment on the merits is reached.

Thayer, citing case law to the contrary, argues that the judgment in his favor was a judgment on the merits,[2] and, even if it was not, "[t]here is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim." *Wong v. Takeuchi,* 88 Hawai'i 46, 49, 961 P.2d 611, 614, *reconsideration denied,* 88 Hawai'i 46, 961 P.2d 611 (1998). Accordingly, we must determine whether a judgment on the merits was required, and, if so, whether Thayer prevailed on the merits.

In *Yoshida,* a plaintiff filed suit in assumpsit, and the court granted defendant's demurrer[3] without leave to amend. Interpreting

---

thus, affirmed the circuit court's order and judgment of dismissal in favor of Thayer. *Blair,* 95 Hawai'i at 270, 21 P.3d at 475.

3. Modern rules of civil procedure do not provide for the use of a demurrer; however, "an equivalent to a general demurrer is provided in the motion to dismiss for failure to state a claim on which relief may be granted." Black's Law Dictionary 433 (6th ed.1990); *see, e.g.,* Federal Rules of Civil Procedure Rule 12(b)(6); Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6).

an earlier version of HRS § 607–14,[4] the Supreme Court of the Territory of Hawai'i held that, in an action in assumpsit, attorney's fees are taxable only where a judgment is upon the merits. *Yoshida,* 39 Haw. at 256. The court reasoned that a demurrer is not a judgment on the merits because, "[w]hile the judgment disposes of the particular suit, it does not determine the rights of the parties on the merits nor prevent the institution of a new suit involving the same claim." *Id.* at 257 (relying on *Lowrie v. Baldwin,* 19 Haw. 258, 261 (1908) (holding that defendants' attorneys' fees not taxable in an action in assumpsit that was dismissed for failure to comply with an order to give security for costs); *Scott v. Kona Dev. Co.,* 21 Haw. 408, 409 (1913) ("Defendant's attorneys' fees ... [were] not taxable in an action of assumpsit in which judgment of nonsuit [was] entered for failure of proof.")); *see also Ahoy v. Scott,* 12 Haw. 348, 348–49 (1900) (defendant was not entitled to attorneys' fees in an action of assumpsit because summons or service was quashed on motion, and, thus, there was no action, and defendant did not obtain judgment within the meaning of a statute).

In 1993, the Intermediate Court of Appeals (ICA) relied upon *Yoshida* in construing HRS § 607–17.[5] *See Schubert v. Saluni,* 9 Haw.App. 591, 855 P.2d 858 (1993). In *Schubert,* a summary possession action was dismissed for lack of subject matter jurisdiction. The defendants sought and were denied attorneys' fees. On appeal, the ICA affirmed the denial of fees reasoning that, under *Yoshida,* the defendants were not "successful parties" because they had not won on the merits of the case. *Id.* at 597, 855 P.2d at 861.

4. Revised Laws of Hawai'i § 9754 (1945) provided:
> in all actions of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue.... The above fees shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtain judgment.

5. HRS § 607–17 (1985) provided in pertinent part:

More recently, however, this court espoused the contrary view with respect to fees under HRS § 607–14:

> "Usually the litigant in whose favor judgment was rendered is the prevailing party.... Thus, a dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2667 (1983). There is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim.

*Wong,* 88 Hawai'i at 49, 961 P.2d at 614 (denying defendant's motion for fees, not because the defendant was not the prevailing party, but because the maximum amount allowable had already been awarded). In stating the foregoing, this court did not acknowledge or overrule *Yoshida, Schubert,* or any other precedent holding to the contrary. Given the conflicting authority on this issue, we take this opportunity to clarify whether a judgment on the merits is a prerequisite to the award of fees under HRS § 607–14.

The attorneys' fees statute at issue, HRS § 607–14, provides as follows:

> **Attorneys' fees in actions in the nature of assumpsit, etc.** In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the

> Any other law to the contrary notwithstanding, where an action is instituted in the district or circuit court on a promissory note or other contract in writing which provides for an attorney's fee the following rates shall prevail and be awarded to the successful party, whether plaintiff or defendant[.]

In 1993, HRS §§ 607–14 and 607–17 were combined into one statute, HRS § 607–14. *Eastman v. McGowan,* 86 Hawai'i 21, 30, 946 P.2d 1317, 1326 (1997).

amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

. . . .

The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

HRS § 607-14 (bold emphasis in original). Nowhere in the foregoing statute is a judgment "on the merits" required. Moreover, requiring a defendant, who would otherwise prevail on a motion to dismiss, to litigate a claim through trial in order to prevail "on the merits" would frustrate the modern goals of judicial economy and the just, speedy, and inexpensive determination of every action. See HRCP Rule 1 (2000). Furthermore, as the ICA noted in *Survivors of Iida v. Oriental Imports, Inc.*, 84 Hawai'i 390, 935 P.2d 105 (App.1997), "a number of jurisdictions have concluded that the defendant is the prevailing party and thus entitled to fees [*even] in cases where the plaintiff* files and later *withdraws the claim.*" *Id.* at 404, 935 P.2d at 119 (emphasis added) (citing *Fraser v. ETA Ass'n, Inc.*, 41 Conn.Supp. 417, 580 A.2d 94 (1990); *Hatch v. Dance,* 464 So.2d 713 (Fla.Dist.Ct.App.1985)).

In *Fraser,* the relevant statute provided for the recovery of attorneys' fees in actions based upon contract. In holding that defendants were entitled to fees as the prevailing party in a case where the plaintiffs withdrew after taking depositions, but before trial, the Connecticut Superior Court stated:

[C]ourts are following a general legislative mandate of rewarding successful litigants while discouraging frivolous suits . . . . There are decided benefits to interpreting the statute so that defendants in cases withdrawn by plaintiffs can recover their legal expenses. Not only will this discour-

age frivolous suits, but it will place the burden where it belongs-on the party with the poorly thought out complaint or the hastily conceived writ. It will also discourage vexatious litigation and the use of pretrial discovery and depositions to harass defendants.

*Fraser,* 580 A.2d at 96 (citation omitted). Other jurisdictions, interpreting analogous statutory provisions, are in accord. *See, e.g., DSI v. Natare Corp.,* 742 N.E.2d 15, 22 (Ind.Ct.App.2000) (stating the proposition that "prevailing party" in the context of an attorneys' fees statute denotes a party who successfully prosecutes his or her claim or asserts his or her defense), *reh'g denied,* 742 N.E.2d 15 (Ind.Ct.App.2001); *Pfeifer v. City of Silverton,* 146 Or.App. 191, 931 P.2d 833, 835 (1997) (holding that a party can be considered the prevailing party and, thus, awarded attorneys' fees, even though the case was dismissed before the issuance of a final decision on the merits); *Allahyari v. Carter Subaru,* 78 Wash.App. 518, 897 P.2d 413, 413–14 (1995) (holding that award of attorneys' fees to defendant is proper following plaintiff's voluntary dismissal of its action); *but see Burnette v. Perkins & Assoc.,* 343 Ark. 237, 33 S.W.3d 145, 149–50 (2000) (holding that a dismissal without prejudice does not sufficiently conclude the matter such that a determination of the prevailing party as basis for statutory attorneys' fees award in a contract action can be stated with certainty).

Based on the foregoing, we affirm the rule stated in *Wong* and hold that a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14. *See Wong,* 88 Hawai'i at 49, 961 P.2d 611; *see also Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 887 (9th Cir.2000) (stating that, "[u]nder Hawai'i law, a party may be deemed the 'prevailing party' entitled to an award of statutory attorneys' fees under [HRS] § 607-14 without successfully litigating the merits of the party's claim"). To the extent that *Yoshida, Schubert,* or any other case holds to the contrary, they are hereby overruled.[6]

6. In *Shanghai Investment Co.,* this court restated, without elaboration, the principle that "[t]he bur-

In this case, Thayer successfully defended Plaintiffs' lawsuit by obtaining a dismissal based on Plaintiffs' failure to state a claim. Thayer then successfully defended that judgment on appeal. Accordingly, Plaintiffs in this case were "the losing party" for purposes of attorneys' fees under HRS § 607–14.

### 2. In the nature of assumpsit

Plaintiffs also argue that this malpractice suit sounded in tort, rather than assumpsit. Alternatively, Plaintiffs argue that any attorneys' fees awarded must be limited to those incurred in assumpsit claims and not malpractice claims. In analyzing whether a claim is "in the nature of assumpsit" under HRS § 607–14, this court has said:

> "[A]ssumpsit" is "a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." *Schulz v. Honsador*, 67 Haw. 433, 435, 690 P.2d 279, 281 (1984) (emphasis added). In deciding whether to award fees under HRS § 607–14, the court must determine the nature of the lawsuit where both assumpsit and non-assumpsit claims are asserted in an action. *Id.* at 436, 690 P.2d at 282 (citation omitted).

*TSA Int'l Ltd. v. Shimizu Corp.*, 92 Hawai'i 243, 264, 990 P.2d 713, 734 (1999) [hereinafter, *TSA* ]. "[I]n ascertaining the nature of the proceeding on appeal, this court has looked to the essential character of the underlying action in the trial court." *Leslie*, 93 Hawai'i at 5, 994 P.2d at 1051. "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." *Helfand v. Gerson*, 105 F.3d

530, 537 (9th Cir.1997) (citing *Schulz*, 67 Haw. at 436, 690 P.2d at 282).[7] "Where there is doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit." *See Leslie*, 93 Hawai'i at 6, 994 P.2d at 1052 (quoting *Helfand*, 105 F.3d at 537 (citing *Healy–Tibbitts Const. Co. v. Independent Refinery, Inc.*, 673 F.2d 284, 286 (9th Cir.1982))); *see also Braham v. Honolulu Amusement Co.*, 21 Haw. 583, 584 (1913). Additionally, this court recently stated, for the first time, that, in awarding attorneys' fees in a case involving both assumpsit and non-assumpsit claims, a court must base its award of fees, *if practicable*, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims. *See TSA*, 92 Hawai'i at 264, 990 P.2d at 734 (citing *Selvage v. J.J. Johnson & Assocs.*, 910 P.2d 1252, 1266 (Utah Ct.App.1996)).

In this case, two claims for relief were alleged against Thayer in the complaint: (1) breach of implied contract and (2) negligence. Both claims were premised on the allegation that Thayer, in providing tax return preparation services, failed to take advantage of certain estate planning techniques that resulted in the loss of savings in excess of $200,000. Thus, even the Plaintiffs' negligence claim arises out of the alleged implied contract between Mrs. Hughes and Thayer. Without the implied contract, which could create a cognizable duty, Plaintiffs would have no negligence claim. *See Helfand*, 105 F.3d at 538 (stating in an analogous Ninth Circuit case that, without a contract between the defendant-attorney and his client, which creates the lawyer's duty, the third-party plaintiffs would have no legal malpractice claim). Further, the damages alleged were more closely akin to contract damages than to tort damages because they were economic

---

den is on the party opposing the taxation of fees under [section] 607–14 to show that an assumpsit claim **was not actually litigated.**" *Id.* at 502, 993 P.2d at 536 (citing *Schulz v. Honsador, Inc.*, 67 Haw. 433, 437, 690 P.2d 279, 282 (1984)). Although neither *Shanghai Investment Co.* nor *Schulz* (the case upon which it relied) further explained the "burden" to show that the claim was "actually litigated," the logical assumption is that a decision on the merits is a prerequisite to an award of fees. To the extent that *Shanghai Investment Co.* or *Schulz* may be construed as requiring a judgment on the merits in order to be

awarded fees under HRS § 607–14, they are also overruled.

**7.** Based on the foregoing, Plaintiffs' assertion that Thayer's position at trial was inconsistent with his position on appeal is irrelevant to whether this action is "in the nature of assumpsit." Rather, this court must examine the complaint to determine the character of the action. *See Leslie*, 93 Hawai'i at 5, 994 P.2d at 1051; *Helfand*, 105 F.3d at 538.

damages arising out of the alleged frustrated expectation that Thayer would take advantage of certain tax-saving devices. *See id.* Thus, based on the complaint in this case, the essential character of the action against Thayer was "in the nature of assumpsit," as provided under HRS § 607–14.

Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims.

Accordingly, because Thayer prevailed in the action that was in the nature of assumpsit, he is entitled to reasonable attorneys' fees, as determined by this court, to be taxed against Plaintiffs, the losing party. We now proceed to determine whether the fees requested are reasonable.

### B. *Reasonableness of the Fees*

In his motion, Thayer requests $21,570.00 for attorneys' fees incurred in this appeal. Plaintiffs oppose those fees that are attributable to "legal assistants," arguing that "[n]othing in the statute purports to allow paralegal or secretarial fees." This court has never directly addressed whether paralegal or other non-attorney fees[8] are allowable as part of a "reasonable attorneys' fees" award.

In *Missouri v. Jenkins*, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), the United States Supreme Court upheld compensation awarded for the work of law clerks and paralegals under the Civil Rights Attorneys' Fees Act, 42 U.S.C. § 1988, which provided for "a reasonable attorney's fee as part of the costs." *Id.* at 288. Further, the Supreme Court recognized the "increasingly widespread custom of separately billing for the services of paralegals and law students who serve as clerks" and determined that "the prevailing practice [of] bill[ing] paralegal work at market rates [including paralegal fees in a fee request] is not only permitted by [the statute], but also makes economic sense." *Jenkins*, 491 U.S.

at 287–88, 109 S.Ct. 2463 (citations omitted). The Supreme Court explained that, "[b]y encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours, encourages cost-effective delivery of legal services[.]" *Id.* at 288, 109 S.Ct. 2463 (citations and internal quotation marks omitted). A number of other states are in accord. *See, e.g., Cline v. Rocky Mountain, Inc.*, 998 P.2d 946, 950–51 (Wyo.2000); *Barker v. Utah Pub. Serv. Comm'n*, 970 P.2d 702, 712 (Utah 1998); *Taylor v. Chubb Group of Ins. Cos.*, 874 P.2d 806, 809 (Okla. 1994); *First NH Banks Granite State v. Scarborough*, 615 A.2d 248, 251 (Me.1992); *Continental Townhouses East Unit One Ass'n. v. Brockbank*, 152 Ariz. 537, 733 P.2d 1120, 1127–28 (App.1986) [hereinafter, *Continental Townhouses* ]; *Gill Sav. Ass'n v. International Supply Co., Inc.*, 759 S.W.2d 697, 704–05 (Tex.Ct.App.1988).

In *Continental Townhouses*, the Arizona Court of Appeals stated:

> Lawyers should not be required to perform tasks more properly performed by legal assistants or law clerks solely to permit that time to be compensable in the event an attorneys' fees application is ultimately submitted. Requiring such a misallocation of valuable resources would serve no useful purpose and would be contrary to the direction to interpret the Rules of Civil Procedure to serve the "just, speedy, and inexpensive determination of every action." Instead, proper use of legal assistants and law clerks should be encouraged to facilitate providing the most cost-effective legal services to the public. If compensation could not be obtained for legal assistant and law clerk services *in appropriate cases*, the fee-shifting objective of [mitigating the burden of the expense of litigation] would also not be accomplished.

733 P.2d at 1127 (internal citations omitted) (emphasis added). The Arizona court then proceeded to comment on the billing of para-

---

**8.** For purposes of this opinion, the terms paralegal, legal assistant, law clerk, and law school

graduate are used interchangeably throughout.

legals on a separate fee basis, as opposed to including the "costs" of paralegals within an attorney's hourly billing rate:

It also cannot be assumed legal assistant services are automatically included in lawyers' hourly billing rates as a standard law office operating expense. Instead, such services are often itemized and billed separately. Moreover, lawyers should not be required to inflate their hourly rates to include legal assistant time as a general overhead component. Doing so would make fair allocation of the cost of such services impossible, since some clients and matters may require a much higher proportion of legal assistant and law clerk services than others.

*Id.* at 1127–28.

■ Based on the foregoing authority, we hold that, *in appropriate cases,* a request or award of attorneys' fees may include compensation for separately billed legal services performed by a paralegal, legal assistant, or law clerk [hereinafter, collectively, legal assistant].

In discussing the categories of persons and tasks that should be considered under the term "legal assistant" for purposes of attorneys' fees applications, the court in *Continental Townhouses* held that, in order to be included within an attorneys' fee award, the work performed by the legal assistant must be legal work, supervised by an attorney, and the fee application must contain enough details to demonstrate to the court that these requirements have been met. *Id.* at 1128.

We agree and, therefore, hold that the reasonableness of legal assistant fees be reviewed on a case-by-case basis for the value of services rendered and that an award of such fees be limited to charges for work performed that would otherwise have been required to be performed by a licensed attorney at a higher rate. *See id.; Taylor,* 874 P.2d at 809. Such a holding is consistent with the purpose of encouraging cost-effective delivery of legal services. *See Jenkins,* 491 U.S. at 288, 109 S.Ct. 2463.

In his fee request, Thayer has asked for the following compensation for "legal assistants"

Sandy Takenaka (1.4 hours × $50.00 = $70.00)
Patty Yukawa (2.6 hours × $50.00 = $130.00)
Kevin Chang, Esq (3.9 hours × 25.00 = $97.50)

We analyze the tasks performed by each in turn.

■ The worksheets submitted with respect to Ms. Takenaka document short telephone calls to clients regarding depositions and the transmission of documents to the court. Every one of the services performed were services ordinarily considered secretarial and would not "otherwise have had to have been performed by a licensed attorney at a higher rate." Thus, none of the services performed by Ms. Takenaka are compensable in the attorneys' fees award. Accordingly, we deny the $70.00 requested for fees associated with tasks performed by Ms. Takenaka.

■ The worksheets submitted with respect to Ms. Yukawa document the following:

| | | |
|---|---|---|
| 8/24/99 | Preparation of record on appeal at Supreme Court Clerk's Office | 2.6 hours |

(Emphasis added.) We note that the record on appeal is actually prepared **by the clerk of the court or agency from which the appeal is taken** prior to being transmitted to the supreme court. *See* Hawai'i Rules of Appellate Procedure (HRAP) Rule 11(a) (2000) (providing that "[e]ach appellant, shall comply with the provisions of HRAP Rule 10(b) (2000) [designating the composition of the record on appeal] and shall take any other action necessary to enable **the clerk of the court** to assemble and transmit the record"). In preparing the record on appeal, the clerk of the court or agency consecutively numbers the court or agency file and prepares a numbered index of all the pages therein. A copy of the index is thereafter provided to all parties to the appeal. *See* HRAP 11(b) (2000). Thus, Ms. Yukawa could not have "prepar[ed]" the record on appeal. Consequently, the request of 2.6 hours is denied.

The worksheets submitted with respect to Mr. Chang document the following:

| | | |
|---|---|---|
| 6/21/00 | Retrieve cases and articles on third party beneficiary and accountant liability issues Search all West General Digest 36☞ account liability | 1.7 hours |
| 6/26/00 | Sheparize Plaintiffs cases retrieve any pertinent negative history. Make sure we have copies of all our cited cases. Go to First Circuit Court retrieve Storm case. Go to Supreme Court retrieve accountant case. | .4 hours |

| 6/27/00 | Shepardize our cases on Key-cite. Go to Supreme Court and retrieve all our missing cases from outside our jurisdiction | 1.8 hours |
|---|---|---|
| | Total | 3.9 hours |

■ The nature of the work performed by Mr. Chang is clearly of a legal nature. Legal research, including shepardizing cases, is a task that would undoubtedly have been performed by a licensed attorney at a higher rate, in the absence of Mr. Chang's services. Thus, the tasks performed by Mr. Chang are compensable.

No other challenges to the attorneys' fees request have been raised. Accordingly, we grant the amount of $21,370 as reasonable attorneys' fees, which includes fees charged for legal assistant services, in this appeal.

## C. Costs

■ Thayer requests $756.92 for costs incurred in this appeal including:

| | |
|---|---|
| Postage | $ 51.59 |
| Photocopying | $648.00 |
| Long Distance | $ 17.08 |
| Facsimiles | $ 29.00 |
| Transcript Fee | $ 11.25 |

Plaintiffs contend that, under HRAP Rule 39, Thayer is not entitled to recover expenses paid for postage, long distance telephone charges or facsimile expenses. HRAP Rule 39(c) 2000 provides:

> Costs in the appellate courts are defined as: (1) the cost of the original and one copy of the reporter's transcripts if necessary for the determination of the appeal; (2) the premiums paid for supersedeas bonds or other bonds to preserve rights pending appeal; (3) the fee for filing the appeal; (4) the cost of printing or otherwise producing necessary copies of briefs and appendices, provided that copying costs shall not exceed 20¢ per page; and (5) *any other costs authorized by statute or rule.*

(Emphasis added.) HRS § 607–9, the statute under which this cost request was brought, provides in relevant part:

> All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and *other incidental expenses, including* copy-ing costs, *intrastate long distance telephone charges,* and *postage,* sworn to by an attorney or a party, and *deemed reasonable by the court,* may be allowed in taxation of costs.

(Emphases added.) Thus, under HRS § 607–9, Thayer is entitled to recover for *intrastate* long distance telephone charges, postage, and other incidental expenses—such as facsimile expenses—deemed reasonable by this court. *See id.*

The only long distance charge documented as being made to an 808 area code was for an October 1, 1999 call for $.17. Five calls billed on July 31, 1999 were documented as having been made to area code 312 (Chicago) and, thus, could not have been intrastate calls. None of the other long distance charges documented the phone number called. In the absence of an explanation for why the out-of-state calls were "incidental" to this appeal, or further documentation on the remaining charges, we deny all long distance charges, except for the $.17 intrastate long distant charge.

The remaining categories of costs are supported by documentation in excess of the amount requested. No opposition was received regarding the reasonableness of the costs. In the absence of opposition, we presume that the remaining costs were reasonable. Accordingly, the remainder of the costs requested (i.e. $51.59 for postage, $648.00 for photocopying, $29.00 for facsimiles, and $11.25 for the transcript) are compensable under HRS § 607–9 and are therefore allowable under HRAP 39(c).

Because no other objections to Thayer's request were received, the remainder of Thayer's request is also granted.

## II. CONCLUSION

Based upon the foregoing, we: (1) affirm the rule in *Wong v. Takeuchi,* 88 Hawai'i 46, 49, 961 P.2d 611, 614 (1998), that "[t]here is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim" and, to the extent that previous cases, including *Yoshida v. Nobrega,* 39 Haw. 254, 256–57 (1952); *Schubert v. Saluni,* 9 Haw.App. 591, 597, 855 P.2d 858, 861 (1993);

and *Shanghai Investment Co. v. Alteka Co., Ltd.,* 92 Hawai'i 482, 502, 993 P.2d 516, 536 (2000), have held to the contrary, we overrule such holdings; and (2) hold that it is impracticable to apportion fees between assumpsit and non-assumpsit claims in this malpractice suit. Further, having considered all of the objections raised with respect to Thayer's request, we hold that: (1) a request or award of attorneys' fees may, in appropriate cases, include compensation for separately billed legal services performed by a paralegal, legal assistant, or law clerk and that an award of such fees be limited to charges for work performed that would otherwise have been required to be performed by a licensed attorney at a higher rate; and (2) under HRS § 607–9, a prevailing party is entitled to recover for intrastate long distance telephone charges, postage, and other incidental expenses—such as facsimile expenses—deemed reasonable by this court. Accordingly, we grant in part and deny in part Thayer's request for attorneys' fees and expenses. Specifically, Thayer is awarded $21,370.00 for attorneys' fees, $898.82 for general excise tax, and $740.01 for costs, for a total of $23,008.83, as against Plaintiffs.