SCPW-14-0000881

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

BRIAN J. BOULEY, INDIVIDUALLY AND AS TRUSTEE OF THE
BRIAN J. BOULEY LIVING TRUST, DATED JANUARY 18, 2006;
CORINNE BOULEY, INDIVIDUALLY AND AS TRUSTEE OF THE C. BOULEY
LIVING TRUST, DATED JANUARY 18, 2006, Petitioner,

vs.

THE HONORABLE JUDGES OF THE SECOND CIRCUIT COURT,
STATE OF HAWAI'I, Respondent Judges,

and

DB PRIVATE WEALTH MORTGAGE, LTD,
a New York corporation, Respondent.

---

ORIGINAL PROCEEDING
(CIV. NO. 11-1-0525(2))

ORDER DENYING APPLICATION FOR WRIT OF MANDAMUS
AND FOR AN EMERGENCY STAY
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of Petitioners' application for writ of mandamus and for an emergency stay, filed on June 9, 2014, the documents attached thereto and submitted in support thereof, and the record, it appears that Petitioners fail to demonstrate that the Respondent Judges are exceeding their jurisdiction, committing a flagrant and manifest abuse of discretion, or refusing to act in ordering the posting of a supersedeas bond and

the setting of a bond amount for a stay during the pendency of an appeal. Moreover, Petitioners have already sought relief in their appeal. A writ of mandamus, therefore, is not warranted. See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even if the judge acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which the court has a legal duty to act); Shanghai Inv. Co. v. Alteka Co., Ltd., 92 Hawaiʻi 482, 503, 993 P.2d 516, 537 (2000) (the amount of a bond or alternative security sufficient to protect the rights of an appellee is committed to the sound discretion of the trial court), overruled on other grounds by Blair v. Ing, 96 Hawaiʻi 327, 31 P.3d 184 (2001). Accordingly,

IT IS HEREBY ORDERED that the application for a writ of mandamus and for an emergency stay is denied.

DATED: Honolulu, Hawaiʻi, June 24, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

