**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000023
06-JUN-2025
07:45 AM
Dkt. 103 SO**

NO. CAAP-22-0000023


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SDCK I LLC, a Delaware limited liability company,
Plaintiff/Counterclaim Defendant/Appellee,
vs.
AINA LEʻA, INC., a Delaware corporation; LULANA GARDENS LLC, a
Delaware limited liability Company; HOʻOLEI VILLAGE LLC, a
Hawaiʻi limited liability company; B-1-A D-1-A, LLC, a Hawaiʻi
limited liability company, Defendants/Third-Party
Plaintiffs/Cross-Claim Defendants/Appellants,
and
ROMSPEN INVESTMENT CORPORATION, Defendant/Cross-Claim Defendant/
Counterclaimant/Cross-Claimant/Third-Party Plaintiff/Appellee,
and
BRIDGE AINA LEʻA, LLC, a Hawaiʻi limited liability company,
Defendant/Cross-Claim Defendant/Counterclaimant/
Cross-Claimant/Appellee,
and
LIBO ZHANG, Defendant/Counterclaimant/Cross-Claimant/
Cross-Claim Defendant/Appellee,
and
PLANNING DIRECTOR, DEPARTMENT OF PLANNING, County of Hawaiʻi;
COUNTY OF HAWAIʻI, a municipal corporation, State of Hawaiʻi,
Third-Party Defendant/Appellee,
and
ROBERT WESSELS, Third-Party Defendant/Appellee,

and
JOHN DOES 1-50, JANE DOES 1-50; and DOE ENTITIES 1-50,
Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CCV-20-0000375)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

This appeal arises out of a foreclosure summary judgment in favor of the lender, and challenges whether the circuit court erred by declining to exercise equitable discretion. We affirm.

Defendants, Third-Party Plaintiffs/Cross-Claim Defendants/Appellants Aina Leʻa, Inc., Lulana Gardens LLC, Hoʻolei Village LLC and B-1-A D-1-A, LLC (collectively, **Borrowers**) appeal from the December 28, 2021 "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Granting Plaintiff Iron Horse Credit LLC's Second Motion for Summary Judgment and Interlocutory Decree of Foreclosure" (**Order Granting MSJ**) and Judgment, both entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1]

On appeal, Borrowers contend that the Circuit Court erred in allowing Plaintiff/Counterclaim Defendant/Appellee SDCK I LLC (**Lender**)[2] to foreclose and not granting it equitable relief from foreclosure.[3]

---

[1]    The Honorable Wendy M. DeWeese presided.

[2]    SDCK I LLC was substituted as Plaintiff-Appellee for Iron Horse Credit LLC, via a June 30, 2022 order, as the purchaser of the subject mortgage from Lender.

[3]    We have consolidated Borrowers' four points of error challenging various FOFs and COLs regarding the finding of default, interpretation of "principles of equity" language in the Loan Agreement, and Lender's

2

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Borrowers' contention as follows, and affirm.

On October 13, 2020, Lender filed a Complaint to foreclose on a mortgage, which secured a $5,000,000 loan (**Loan**) to Borrowers in connection with a development project (**Development Project**) on former agricultural land in Waikōloa on Hawaiʻi Island.  The loan was secured by a mortgage (**Mortgage**) on four parcels of real property (collectively, **Land**) owned by Borrowers.

While Borrowers admitted receiving the Loan and giving the Mortgage as security, Borrowers denied being in default, claiming that a critical component of the Development Project and their ability to satisfy their Loan obligations was the construction of 385 affordable housing units, which was a condition imposed when the State Land Use Commission reclassified the Land from agricultural to urban district.

In 2011, the State Land Use Commission reclassified the Land back to agriculture because the affordable housing requirements had not been satisfied in a timely manner.  The reclassification was challenged in court, and a 2014 Hawaiʻi Supreme Court decision agreed that the State Land Use Commission erred in the reclassification back to agriculture, and the ruling allowed construction on the affordable housing units to resume.

---

entitlement to foreclosure, a judgment, and a deficiency judgment.  Borrowers rely on the same arguments to support all four points of error.  We address these arguments infra.

On May 16, 2017, however, the Director of the Hawai‘i County Planning Department (**Planning Director**) issued a stop work order halting all construction on the affordable housing units until Borrower Aina Le‘a, Inc., as the master developer, completed a supplemental environmental impact statement (**EIS**) for its proposal to change the zoning on the Land from Urban District to Project District zoning.  The Planning Director's stop work order led to Aina Le‘a, Inc. filing for bankruptcy. The Loan and Mortgage upon which Lender was seeking to foreclose, was part of the financing necessary for Aina Le‘a, Inc.'s bankruptcy reorganization plan.

Borrowers argue the Circuit Court erred by disregarding Section 3.3 of the Loan Agreement and refusing to exercise its equitable discretion.  According to Borrowers, Section 3.3 "invited the [C]ircuit [C]ourt to intervene and to protect and conserve the parties' respective equities[.]"  They argue the Circuit Court erroneously declined to exercise its equitable discretion to prevent forfeiture, making Borrowers solely bear any resulting forfeiture and ignoring Section 3.3; and Borrowers assert that foreclosure is an equitable remedy, and "equity abhors a forfeiture."

Generally, "the construction and legal effect to be given a contract is a question of law freely reviewable by an appellate court."  Brown v. KFC Nat'l Mgmt. Co., 82 Hawai‘i 226, 239, 921 P.2d 146, 159 (1996) (citations omitted).  Summary judgment is also reviewed de novo.  Nozawa v. Operating Engineers Local Union No. 3, 142 Hawai‘i 331, 338, 418 P.3d 1187, 1194 (2018).

Section 3.3 of the Loan Agreement states in part:

**ARTICLE III**

**REPRESENTATIONS AND WARRANTIES**

As a material inducement to Lender to enter into this Agreement and the other Loan Documents, and as an express condition to the Loan and all Advances made hereunder, <u>each Borrower hereby represents and warrants to Lender</u>, as follows:

. . . .

SECTION 3.3 <u>Enforceability</u>.

(a)    This Agreement is, and all other Loan Documents executed by Borrower, on the execution and delivery thereof, and in each event on the Closing Date, will be, the legal, valid and binding obligation of Borrower enforceable in accordance with their terms, <u>except to the extent such enforcement may be limited in the future by applicable bankruptcy, insolvency and other similar creditors' rights laws and principles of equity</u>.

(b)    This Agreement is, and all other Loan Documents executed by each Borrower Party on behalf of Borrower, on the execution and delivery thereof, and in each event on the Closing Date, will be, the legal, valid and binding obligation of such Borrower Party enforceable in accordance with their terms, <u>except to the extent such enforcement may be limited in the future by applicable bankruptcy, insolvency and other similar creditors' rights laws and principles of equity</u>.

(Emphases added.)

Here, Lender makes no representations in Article III that it was agreeing that Borrower would be excused from making timely repayments under the Loan if it had an equitable excuse. The first paragraph indicates that the representations in Article III are by "each Borrower," who "represents and warrants to Lender" the immediately following recitals in Section 3.3. The Loan Agreement further states in Article IV, that Borrower is responsible for obtaining permits and government approvals

5

necessary for the Development Project.[4]  Borrowers did not
introduce any evidence to suggest that Lender was responsible

---

[4]     Article IV of the Loan Agreement states in pertinent part:

**Article IV**

**DELIVERY CONDITIONS TO CLOSING OF LOAN**

SECTION 4.1 Conditions to Loan Closing.  The
effectiveness of this Agreement, the closing of the Loan
and any Advance of the Loan proceeds shall be subject to
the fulfillment, at or prior to the Closing Date, of each
of the following conditions precedent; it being understood
and agreed that Lender shall have received and approved
each of the following items (and obtained evidence of the
satisfaction of the items reasonably satisfactory to Lender
in all respects) specified in this Section 4.1, . . . :

. . . .

(i)     Zoning.  Evidence confirming that the
existing development and planned use of the Project is in
compliance with all applicable zoning Laws and other
applicable Governmental Approvals (or, to the extent not in
compliance due to the Tolling Order or otherwise identified
by the Planning Department in correspondence delivered to
Lender on or before the Closing Date, including without
limitation that certain letter dated May 16, 2017), will be
brought in compliance pursuant to the Land Use Action Plan)
and that any zoning lot development agreement is in form
reasonably satisfactory to Lender. . . .

. . . .

(t)     Permits and Governmental Approvals.
Evidence that Borrower has obtained all material Permits
and all Governmental Approvals necessary for the current
operation of the Project in accordance with all applicable
Laws.  Lender acknowledges that the continued development
of the Project is dependent upon Borrower's compliance with
the Land Use Action Plan, and Borrower hereby agrees to use
good faith, commercially reasonable efforts to obtain and
maintain all Permits required pursuant to applicable Laws
to develop and entitle the Project for its contemplated use
consistent with the Land Use Action Plan.

. . . .

SECTION 4.2 Open Conditions.  In the event that
Lender closes the Loan or funds any Advance without
requiring Borrower to have satisfied each and every
condition set forth in Sections 4.1 of this Agreement or

for the State Land Use Commission erroneously reclassifying the Land back to Agriculture District, or for the Hawaiʻi County Planning Director's stop-work order for the Affordable Housing Project pending completion of a supplemental EIS.

When considering equities in a foreclosure case, the equities affecting both mortgagees and mortgagors must be considered. HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 48, 464 P.3d 821, 836 (2020). "The relief granted by a court in equity is discretionary and will not be overturned on review unless the circuit court abused its discretion by issuing a decision that clearly exceeds the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of the appellant." Shanghai Inv. Co. v. Alteka Co., 92 Hawaiʻi 482, 492, 993 P.2d 516, 526 (2000) (cleaned up), overruled on other grounds by Blair v. Ing, 96 Hawaiʻi 327, 336, 31 P.3d 184, 193 (2001).

Borrowers agree that "[t]he facts pertaining to the Loan Agreement and to [Borrowers'] equities are not generally disputed[.]" Here, none of the equities cited by Borrowers support that it would be equitable to Lender to excuse Borrowers from their obligations to Lender, when the Loan Agreement allocates to Borrowers the responsibility of obtaining all required government permits and approvals. The Circuit Court

---

otherwise as required by the terms, conditions and provisions of the Loan Documents (it being understood that Lender shall have no obligation to do so), then each and every condition not so satisfied as of the Closing Date (or the funding of any Advance) shall remain an obligation of the Borrower to deliver unless and until Borrower shall have satisfied such condition or Lender shall have expressly agreed in writing to permanently waive such condition.

(Emphases added.)

was made aware of the hurdles faced by Borrowers, but exercised discretion in determining that Lender's remedies for Borrowers' default, as set forth in the express terms of the parties' loan documents, were not limited by any "principles of equity" argued by Borrowers. The Circuit Court's determination in this regard did not constitute an abuse of discretion. See <u>Shanghai Inv. Co.</u>, 92 Hawaiʻi at 492, 993 P.2d at 526.

We conclude the Circuit Court did not err in granting summary judgment. See <u>Nozawa</u>, 142 Hawaiʻi at 338, 418 P.3d at 1194.

Based on the foregoing, we affirm the Circuit Court's December 28, 2021 Order Granting MSJ and Judgment.

DATED: Honolulu, Hawaiʻi, June 6, 2025.

On the briefs:

Michael J. Matsukawa,
for Defendants/Third-Party
Plaintiffs/Cross-Claim
Defendants/Appellants
Aina Leʻa, Inc., Lulana Gardens
LLC, Hoʻolei Village LLC, and
B-1-A D-1-A, LLC

Lisa Strandtman,
for Plaintiff/Counterclaim
Defendant/Appellee
SDCK I LLC.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge