**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000751
28-JUL-2025
08:01 AM
Dkt. 55 SO**

NO. CAAP-24-0000751

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE TAX APPEAL OF
FREDERICK W. ROHLFING III and KARL A. ROHLFING,
SUCCESSOR TRUSTEES OF THE JOAN H. ROHLFING REVOCABLE TRUST
DATED OCTOBER 27, 1983, Appellants-Appellants,
(CASE NO. 1TX181000299)

and

IN THE MATTER OF THE TAX APPEAL OF
LOG CABIN BRADDAHS LLC, Appellant-Appellant,
(CASE NO. 1TX191000164)

and

IN THE MATTER OF THE TAX APPEAL OF
LOG CABIN BRADDAHS LLC, Appellant-Appellant,
(CASE NO. 1CTX-20-0000044)

APPEALS FROM THE TAX APPEAL COURT

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Appellants-Appellants Frederick W. Rohlfing III and

Karl A. Rohlfing, Successor Trustees of the Joan H. Rohlfing

Revocable Trust dated October 27, 1983, and Log Cabin Braddahs

LLC (collectively, **the Taxpayers**) appeal from the Tax Appeal Court's "Order Denying (1) [Taxpayers'] Motion for Taxation of Attorneys' Fees, Filed August 29, 2024; and (2) [Taxpayers'] Application for Oral Hearing on Motion for Taxation of Attorneys' Fees" (**Order Denying Attorneys' Fees**), filed by the Tax Appeal Court[1] on October 2, 2024.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the Taxpayers' appeal as follows.

The Taxpayers raise a single point of error on appeal, contending that "[t]he Tax Appeal Court erred in entering the Fee Denial Order because [the Taxpayers] are entitled to their reasonable attorney's fees under [Hawaii Revised Statutes (**HRS**)] § 607-14 [(2016)] for prevailing against the City in their real property tax refund claims, which are 'in the nature of assumpsit.'" Appellee-Appellee City and County of Honolulu contends that the Tax Appeal Court lacked jurisdiction or was otherwise not authorized to award attorneys' fees, and therefore did not err in denying Taxpayers' fees request.

We review a trial court's grant or denial of attorneys' fees for abuse of discretion. <u>Gailliard v.</u>

---

[1]    The Honorable Kevin T. Morikone presided.

Rawsthorne, 150 Hawaiʻi 169, 175, 498 P.3d 700, 706 (2021). However, "[t]he existence of jurisdiction is a question of law that we review de novo under the right/wrong standard." Tax Found. of Haw. v. State, 144 Hawaiʻi 175, 185, 439 P.3d 127, 137 (2019) (cleaned up).

Pursuant to the American Rule, each party generally pays its own litigation expenses. Oahu Publ'ns, Inc. v. Abercrombie, 134 Hawaiʻi 16, 23, 332 P.3d 159, 166 (2014) (citation omitted). Exceptions exist, however, and attorneys' fees may be awarded to the prevailing party "when so authorized by statute, rule of court, agreement, stipulation, or precedent." Id. (citations omitted).

Here, the Taxpayers contend that they are entitled to attorneys' fees as the prevailing party because their claims, which sought the refund of real property tax assessments, were "in the nature of assumpsit." Pursuant to HRS § 607-14,

> In all the courts, **in all actions in the nature of assumpsit** and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, **there shall be taxed as attorneys' fees, to be paid by the losing party** and to be included in the sum for which execution may issue, **a fee that the court determines to be reasonable**; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. **The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party**; provided that this amount shall not exceed twenty-five per cent of the judgment.

HRS § 607-14 (emphasis added). Assumpsit is "a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001) (citation omitted).

The Tax Appeal Court does not have jurisdiction over common law actions "in the nature of assumpsit." "[T]he right to appeal a tax assessment is purely statutory." Univ. of Haw. v. City and Cnty. of Honolulu, 102 Hawai'i 440, 444, 77 P.3d 478, 482 (2003); HRS § 232-13 (2017). The Tax Appeal Court's jurisdiction is strictly defined in HRS § 232-13, as follows,

> **The jurisdiction of the tax appeal court is limited to the amount of valuation or taxes**, as the case may be, in dispute as shown on the one hand by the amount claimed by the taxpayer or county and on the other hand by the amount of the assessment, or if increased by the [state taxation] board, or equivalent county administrative body, the assessment as so increased.

(Emphasis added.) As the Hawai'i Supreme Court has explained,

> As a general matter, subject matter jurisdiction rests in the tax appeal court to hear taxpayer appeals from assessments, challenges to taxes paid under protest, and adverse rulings by the Director.

Grace Bus. Dev. Corp. v. Kamikawa, 92 Hawai'i 608, 612, 994 P.2d 540, 544 (2000) (cleaned up).

The Taxpayers' underlying claims were not common law claims "in the nature of assumpsit." The Taxpayers' claims, which sought real property tax refunds pursuant to HRS chapter

232,[2] fell squarely within the confines of the Tax Appeal Court's statutorily circumscribed jurisdiction. And because the Taxpayers' claims before the Tax Appeal Court were not "in the nature of assumpsit," the Tax Appeal Court did not have jurisdiction to award attorneys' fees pursuant to HRS § 607-14.

We therefore determine that the Tax Appeal Court did not err in denying the Taxpayers' request for attorneys' fees, and affirm the Tax Appeal Court's October 2, 2024 Order Denying Attorneys' Fees.[3]

DATED: Honolulu, Hawaiʻi, July 28, 2025.

| On the briefs: | /s/ Clyde J. Wadsworth<br>Presiding Judge |
|---|---|
| Frederick W. Rohlfing III,<br>for Appellants-Appellants. | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Daniel M. Gluck,<br>for Appellee-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |

---

[2] HRS chapter 232 does not expressly authorize the Tax Appeal Court to award attorneys' fees.

[3] The Taxpayers also filed a Motion for Retention of Oral Argument on July 7, 2025. Pursuant to Hawaiʻi Rules of Appellate Procedure Rule 34(c), that motion is denied.