**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000097**
**19-MAY-2026**
**09:43 AM**
**Dkt. 76 SO**

NO. CAAP-21-0000097

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NAHO YAMAGUCHI, Plaintiff-Appellant,
v.
TITLE GUARANTY ESCROW SERVICES, INC., a Hawaii corporation,
Defendant/Crossclaimant/Third-Party Plaintiff-Appellee,
and
MARTELL CAPITAL GROUP, LLC, doing business as IRONGATE;
THE BLACKSTONE GROUP, L.P., a Delaware Limited Partnership,
Defendants/Cross-claim Defendants-Appellees,
and
PACREP LLC, a Delaware limited liability company,
Third-Party Defendant,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE GOVERNMENT ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC181000539)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

The supreme court remanded this case for us to address the merits of Naho **Yamaguchi**'s appeal from the circuit court's award of attorney fees to **Title Guaranty** Escrow Services, Inc.[1] Yamaguchi v. Title Guar. Escrow Servs., Inc., ___ Hawaiʻi ___, ___ P.3d ___, 2026 WL 789054 (Mar. 20, 2026). We affirm.

We review an order granting or denying attorney fees for abuse of discretion. Cowan v. Exclusive Resorts PBL1, LLC, 156 Hawaiʻi 268, 272, 574 P.3d 288, 292 (2025). A court abuses its discretion if it clearly exceeds the bounds of reason or

---

[1] The Honorable James H. Ashford presided.

disregards rules or principles of law or practice to the substantial detriment of a party litigant.  Id.

Title Guaranty's fee motion was brought under Hawaii Revised Statutes (**HRS**) § 607-14 (2016), concerning "actions in the nature of assumpsit, etc."  Yamaguchi's opposition memorandum argued that her breach-of-contract claim "was for nominal damages" and her breach-of-fiduciary-duty claim required more work and sounded in tort, so Title Guaranty should recover only five percent of its attorney fees.  Title Guaranty replied that Yamaguchi's "entire case was premised on whether [Title Guaranty] complied with the Escrow Agreement."

During the hearing on the motion the circuit court noted the Sales Agreement "expressly provides that [Yamaguchi] agrees to pay . . . all attorney's fees, costs, and expenses incurred by Title Guaranty in connection with or arising out of the disbursement of [Yamaguchi]'s deposits."  The court cited Blair v. Ing and stated it "must determine the nature of the lawsuit by looking to the essential character of the underlying action."  See Blair v. Ing, 96 Hawaiʻi 327, 332, 31 P.3d 184, 189 (2001) ("In deciding whether to award fees under HRS § 607-14, the court must determine the nature of the lawsuit where both assumpsit and non-assumpsit claims are asserted in an action.").

Blair also instructed, "in awarding attorneys' fees in a case involving both assumpsit and non-assumpsit claims, a court must base its award of fees, *if practicable*, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims."  Id.  There, the plaintiffs sued an accountant for malpractice under an implied contract for tax return preparation services.  Id.  The supreme court held:

> Without the implied contract, which could create a cognizable duty, Plaintiffs would have no negligence claim. . . .
>
> Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims.

Id. at 332-33, 31 P.3d at 189-90.

2

Here, but for the Sales Contract, by which Yamaguchi assented to the Escrow Agreement, Title Guaranty would owe no fiduciary duty. The circuit court analogized Yamaguchi's claims to those asserted in <u>Blair</u>, and stated apportionment was not practicable. The court awarded Title Guaranty all of its requested fees.

Yamaguchi's second amended complaint alleged that Title Guaranty "converted $592,790.43 of" her money. The amount awarded ($27,349.27) was within the twenty-five percent limit under HRS § 607-14, which provides that the amount of fees shall be assessed on "the amount sued for if the defendant obtains judgment."

On this record, we conclude the circuit court acted within its discretion in granting Title Guaranty's motion for attorney fees. The February 10, 2021 *Order Granting Defendant Title Guaranty Escrow Services, Inc.'s Motion for Attorney's Fees and Costs* is affirmed.

DATED: Honolulu, Hawaiʻi, May 19, 2026.

On the briefs:

Junsuke Aaron Otsuka,
for Plaintiff-Appellant
Naho Yamaguchi.

Charles A. Price,
for Defendant/
Crossclaimant/Third-Party
Plaintiff-Appellee
Title Guaranty Escrow
Services, Inc.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

3